Opinion issued March 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00446-CV

———————————

TURNER WAYNE BOGART AND tMW & ASSOCIATES, INC., Appellants

V.

STAR
BUILDING SYSTEMS, A DIVISION OF ROBERTSON CECO ii CORPORATION, Appellee



 



 

On Appeal from the 269th District Court

Harris County,
Texas



Trial Court Case No. 2009-68696

 



 

MEMORANDUM OPINION

          In
this interlocutory appeal, appellants Turner Wayne Bogart (“Bogart”) and TMW
& Associates, Inc. (“TMW”) challenge the trial court’s order denying their
special appearance[1] in
a suit filed against them by appellee, Star Building Systems, a Division of
Robertson CECO II Corp. (“Star”).  We
affirm.

Background

          TMW, a California corporation with its
principal office located in Stockton, California, entered into a contract with
Star, a Delaware corporation, whereby Star agreed to sell and deliver pre-engineered
metal building components for a building project in California for Pizzagoni
Family, Inc.  Bogart, a California
resident and the president and owner of TMW, executed the contract as both
president of TMW and as an individual guarantor.  Under the terms of the contract, appellants
agreed to tender payments to Star “at its principal office in Houston, Harris County,
TX,” they expressly consented to jurisdiction in Houston, Harris County, Texas,
they agreed that venue was proper in Houston, Harris County, Texas and that all
disputes relating to the contract would be brought in state court in Houston,
Harris County, Texas and governed by Texas law, and they acknowledged that the
“agreement [was] performable in Houston, Harris County, TX.”

          After TMW ordered and accepted
delivery of the building components sent by Star pursuant to the contract and
failed to pay the full amount due, Star filed suit against Bogart and TMW in
state court in Houston, Harris County, Texas, alleging breach of contract,
breach of warranty, quantum meruit, and unjust enrichment.[2]  In its petition, Star contends that there are
two separate bases for the exercise of personal jurisdiction over appellants:
(1) appellants consented to jurisdiction in Texas by virtue of the contract’s
forum‑selection clause, and (2) specific jurisdiction exists because the
events or omissions giving rise to the cause of action arose or occurred in
Houston, Harris County, Texas.  Appellants
responded by filing a special appearance, and subject thereto, a motion to dismiss
on forum‑non‑conveniens grounds, a motion to abate proceedings, and
an original answer.  In their special
appearance, appellants argue that they are not amenable to personal
jurisdiction in Texas because TMW and Bogart are not Texas residents and have
no purposeful contacts with Texas.  Appellants
further contend that the contract’s forum‑selection clause is
unenforceable because it is the product of overreaching and Texas is such an
inconvenient forum that the enforcement of the clause would deprive appellants
of their day in court.

          The evidence
before the trial court consisted of a copy of the contract containing the forum‑selection
clause, an affidavit from Bogart attesting to the fact that both he and TMW are
California residents with no contacts with the State of Texas, pleadings from
the California suit filed by Star, bills of lading showing that Star
shipped products from a California address to the building site in Contra Costa
County, California, and discovery responses indicating that some of the
witnesses (the property owner, architect, etc.) are located in California, and
outside the subpoena power of the Harris County court.  The contract is a two-page document.  The forum‑selection clause and the
other terms and conditions of sale are set forth on the second page in the same
font size.  Bogart signed both pages of
the contract.

          After a hearing, the trial court
denied appellants’ special appearance, motion to dismiss, and motion to
abate.  Appellants are only appealing the
denial of their special appearance.  No
findings of fact or conclusions of law were made by the trial court.

Discussion

          We
understand appellants’ argument on appeal to be that the trial court erred in denying their special appearance because
appellants met their burden of negating both bases for the
assertion of personal jurisdiction—consent and specific jurisdiction—and the evidence is insufficient to
support the trial court’s order.

A.   Burdens of Proof and Standards of Review

1.     Special Appearances

          A plaintiff bears
the initial burden of pleading
sufficient allegations to establish personal jurisdiction over a defendant.  BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 793 (Tex. 2002).  However, when
a nonresident defendant challenges jurisdiction through a special appearance, the
defendant must negate all grounds for personal
jurisdiction alleged by the plaintiff in order to prevail.  See id.

          When reviewing a trial court’s order
denying a special appearance, we review the court’s findings of fact for legal
and factual sufficiency and its conclusions of law de
novo.  Id. at
794.  Absent issuance
of findings of fact and conclusions of law, all facts necessary to
support the order and supported by the evidence are implied.  Id. at 795.

2.     Validity and Enforceability of Forum Selection Clause

          We review the validity and
enforceability of forum‑selection clauses under an abuse‑of‑discretion
standard.  CNOOC Se. Asia v. Paladin
Res., 222 S.W.3d 889, 894 (Tex. App.—Dallas 2007, pet. denied).  A trial court abuses its discretion if it acts without reference
to any guiding principles, acts arbitrarily, or acts unreasonably, Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985), or fails to properly analyze or apply the
law.  McDaniel
v. Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995).  Under an abuse‑of‑discretion
standard, legal and factual sufficiency of the evidence are relevant factors in
determining whether the trial court
abused its discretion.  Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991).

3.     Legal Sufficiency[3]

          When a party attacks the legal
sufficiency of an adverse finding on an issue on which he has the burden of
proof, he must demonstrate on appeal that the evidence establishes, as a matter
of law, all vital facts in support of the issue.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).  In reviewing a “matter of law” challenge, the
reviewing court must first examine the record for evidence that supports the
finding, while ignoring all evidence to the contrary.  Id.  If there is no evidence to support the
finding, the reviewing court will then examine the entire record to determine
if the contrary proposition is established as a matter of law.  Id.  The point of error should be sustained only
if the contrary proposition is conclusively established.  Id.

B.   Consent to Jurisdiction

          In its petition, Star contends that
appellants consented to jurisdiction in Texas by virtue of the fact that they
executed the contract containing the forum‑selection clause designating
Houston, Harris County, Texas as the agreed upon forum.  Appellants do not dispute Star’s assertion
that they voluntarily entered into the contract, nor do they contend that the
evidence before the trial court was insufficient to support the court’s
implicit finding that they entered into the contract with Star.  Rather, appellants contend that the clause is
invalid and unenforceable, and thus, cannot be the basis for the court’s
exercise of personal jurisdiction over them. 
Appellants further contend that the evidence supporting the trial
court’s implicit finding that the forum‑selection clause was not
unenforceable is insufficient.

          Personal
jurisdiction is a waivable right and a party can expressly or implicitly
consent to personal jurisdiction through a forum selection clause.  Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S. Ct. 2174, 2182 (1985).  When parties freely enter into agreements with
forum‑selection clauses, the clause is prima facie valid and enforceable
unless the opponent establishes a compelling reason not to enforce it.  M/S
Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S. Ct. 1907, 1913 (1972).  The court in M/S Bremen required that a forum‑selection clause be upheld
unless: (1) there was strongly contravening precedent or statute in the forum
selected, (2) the enforcement would be unreasonable or unjust, to the extent a
party’s day in court would be denied due to grave difficulty or inconvenience,
or (3) the clause was fraudulent or the product of overreaching.  See
id. at 15–19, 92 S. Ct. at 1916–17.  The party challenging the forum‑selection
clause bears a “heavy burden of proof.”  Id. at 17, 92 S. Ct. at 1917.

          Appellants contend
that the forum‑selection clause is invalid and should not be enforced
because (1) the clause is a product of overreaching and (2) the clause is
unreasonable and unjust because Texas is such an inconvenient forum that the enforcement of
the clause would deprive them of their day in court.

          Bogart and TMW have failed to meet
their heavy burden to establish that the forum‑selection clause is either
unjust or unreasonable.  By agreeing to
the forum‑selection clause, appellants represented to Star that the
agreed forum would not be so
inconvenient that enforcing the clause would deprive appellants of their day in
court.  See In re Lyon Fin. Servs., Inc., 257 S.W.3d 228, 234 (Tex. 2008).  To avoid enforcement of its agreements and the
clauses, appellants must prove that special and unusual circumstances developed
after the contract was executed and that litigation in Texas would now be so
gravely difficult and inconvenient that appellants would for all practical
purposes be deprived of their day in court. 
Id. at 234; In re AIU Ins. Co., 148 S.W.3d 109, 113
(Tex. 2004).  This record does not
demonstrate such proof.

          The evidence
offered by appellants demonstrates that appellants are not Texas residents and
have no contacts with the state and that some of the evidence and witnesses are
located in California and beyond the court’s subpoena power.  While certainly a trial in California
is more convenient for a California resident, nothing in the record establishes
that Bogart and TMW could not proceed in Texas. At most, the record
demonstrates that it would be inconvenient for appellants to do so.  Mere assertions of
inconvenience, however, are not sufficient to prove that a forum is so gravely
inconvenient as to deprive the party of its day in court.  See In
re Laibe Corp., 307 S.W.3d 314, 317 (Tex. 2010); In re Lyon Fin. Servs., Inc., 257 S.W.3d at 234 (“If merely stating that financial and
logistical difficulties will preclude litigation in another state suffices to
avoid a forum-selection clause, the clauses are practically useless.”).  Moreover, it is not a special or unusual
circumstance for many, or even most, of the fact witnesses in a lawsuit to
reside somewhere other than in the area where the suit is brought.  See In
re Int’l Profit Assocs., 274 S.W.3d 672, 680 (Tex. 2009).  Accordingly, Bogart and TMW have failed to
establish that the forum‑selection clause is unjust or unreasonable.

          Similarly, Bogart and TMW have failed
to establish that the clause is the product of overreaching.  Overreaching in this
context is defined as a contract that results in an unfair surprise or
oppression to the party alleging the overreaching.  In re
Lyon Fin. Servs., Inc., 257 S.W.3d at 233. 
Bogart and TMW presumably read the contract prior to signing it.  See id. at
232 (stating “[a] party who signs a document is presumed to know its
contents”).  They do not argue that they
were unaware of the forum‑selection clause in the
contract or that Star fraudulently induced them to agree to the forum‑selection
clause. 
At most, appellants contend that the contract’s terms and conditions
of sale, which include the forum‑selection clause, are written in such
tiny print that they are hardly legible. 
Appellants have produced no evidence that the
forum‑selection clause was a surprise or was the result of fraud or other
oppressive measure that would render it invalid and unenforceable.  See
In re Int’l Profit Assocs., 274 S.W.3d at 678. 
As a result, appellants have not met their burden of proving that
enforcement of the forum‑selection clauses should be barred on the basis
of overreaching.

          The evidence in the record
demonstrates that the parties executed a contract containing a mandatory forum‑selection
clause.  See id. (mandatory forum‑selection
clauses are presumptively valid and enforceable).  Having failed to establish that the clause is
the product of overreaching or is unjust and unreasonable, Bogart and TMW have
failed to conclusively establish that the forum‑selection clause is
invalid as a matter of law.  Accordingly,
the evidence is legally sufficient to support the court’s implied finding that
the clause is not unenforceable.  See
Dow Chem. Co., 46 S.W.3d at
242.  Finding no evidence in the
record to overcome the presumption that the forum‑selection clause
included in the contract executed by the parties is valid, we conclude that the
trial court did not abuse its discretion in denying Bogart’s and TMW’s special
appearance.  See CNOOC Se. Asia,
222 S.W.3d at 897 (affirming denial of special appearance based upon valid and
enforceable forum‑selection clause). 

C.   Specific Jurisdiction

          Having determined that the trial court
did not abuse its discretion when it found that the forum‑selection
clause was valid and enforceable and that the evidence is legally sufficient to
support the court’s implied findings of fact on this issue, we need not address
whether the trial court’s denial of appellants’ special appearance could also
be affirmed on the basis of specific jurisdiction.

Conclusion

          We
affirm the trial court’s order denying appellants’ special appearance. 

 

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.











[1]           Tex. Civ.
Prac. & Rem. Code Ann.
§ 51.014(a)(7) (West 2008) (providing that parties may challenge by
interlocutory appeal trial court orders regarding special appearances).





[2]           Six days before filing the Texas suit, Star also filed
suit in Superior Court in Contra Costa County, California seeking to foreclose
on a mechanic’s lien Star had placed on Pizzagoni Family, Inc.’s property and
seeking a judgment against TMW and Pizzagoni Family, Inc., in the event the
proceeds from the sale did not satisfy the debt.





[3]
          Appellants
also contend that the evidence is factually insufficient to support the trial
court’s order denying their special appearance. 
An appellant’s brief “must contain a clear and concise argument for the
contentions made, with appropriate citations to the authorities and to the record.” 
Tex. R. App. P. 38.1(i).  If
the appellant does not do so, it waives the issue on appeal.  Holloway-Houston,
Inc. v. Gulf Coast Bank & Trust Co., 224 S.W.3d 353, 361 n.3 (Tex.
App.—Houston [1st Dist.] 2006, no pet.).  In their brief, TMW and Bogart
pose the following issue: “Where the evidence tends to show that (1) appellants
have no contacts with Texas, (2) the underlying contract did not have any
connection with Texas, and (3) that the forum selection clause should not be
enforced, is the evidence factually insufficient to support the special
appearance order.”  However, beyond this statement of the issue,
appellant’s brief does not present any argument as to why the evidence is
factually insufficient.  Appellants’
brief does not set forth a standard of review for factual sufficiency, cite to
any authority on this issue, or discuss how the law relating to factual
sufficiency applies to the facts of this case. 
We conclude that TMW and Bogart have not properly briefed this issue and
it is waived.  See Tex. R.
App. P. 38.1(i); Holloway, 224
S.W.3d at 361.