**In re LYON FINANCIAL SERVICES, INC., Relator.**

No. 07–0486.

Supreme Court of Texas.

June 20, 2008.

Paul Ronald Wilson, Wilson Law Firm, L.P., Edinburg, for Relator.

Jaime J. Ramon, McAllen, for real party in interest.

Hilario Moreno, Larry Moreno, P.C., Edinburg, for real party in interest.

PER CURIAM.

In this case, we consider whether the trial court abused its discretion in denying a motion to dismiss based upon a forum-selection clause. We conclude that it did.

In April 2002, McAllen North Imaging, Inc. (MNI) entered into a Master Lease Agreement (the Agreement) with relator Lyon Financial Services, Inc.[1] By terms of the Agreement, MNI would select equipment for its magnetic resonance imaging business and execute a Lease and Equipment Schedule that both described the equipment and leased it from Lyon, subject to Lyon approving the Schedule. Lyon then would order the equipment for delivery to MNI and pay the equipment vendor when MNI confirmed in writing that the equipment had been delivered and accepted. Each transaction was the subject of a separate Schedule. Each Schedule incorporated by reference the Agreement, and set out payment terms for the particular transaction. MNI's president, Hector Hernandez, and seven other individuals guaranteed MNI's obligations under the Agreement and Schedules. The Agreement contained a forum-selection paragraph as follows:

Jurisdiction. The state and federal courts in the Commonwealth of Pennsylvania will have jurisdiction over all matters arising out of this Agreement and the Lease Documents; provided, however-

er, that nothing contained herein will prohibit [Lyon] from initiating action against Obligor, any Surety or the Collateral in any jurisdiction in which they reside or are located, as the case may be.

MNI and Lyon agreed to transactions memorialized by at least three separate Schedules. The parties entered into a Restructuring Agreement effective September 21, 2006. The Restructuring Agreement effected a rescheduling of MNI's payments and set out that (1) MNI had been represented by an attorney of its choice, (2) the Restructuring Agreement had been entered into without coercion or duress of any kind, (3) "there are no agreements, understandings, warranties or representations among the parties with respect to these matters except as set forth herein," and (4) the Restructuring Agreement would be interpreted according to the laws of Pennsylvania and would be considered to have been made, executed, and performed in Pennsylvania. A separate forum-selection paragraph in the Restructuring Agreement set out in capital letters that the parties

AGREE TO SUBMIT FOR THEMSELVES, IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS AGREEMENT AND ANY SCHEDULE OR FOR RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT IN RESPECT HEREOF OR THEREOF, TO THE EXCLUSIVE JURISDICTION OF THE COURTS OF THE COMMONWEALTH [sic] OF PENNSYLVANIA, THE COURTS OF THE UNITED STATES OF AMERICA FOR THE

---

1. The actual party to the Agreement was DVI Financial Services, Inc., predecessor in interest to Lyon Financial Services. The record reflects that DVI was located in Jamison, Pennsylvania. DVI assigned its interest to Lyon. The parties do not dispute that Lyon is successor in interest to DVI and that Lyon is the proper party to this proceeding.

COMMONWEALTH OF PENNSYLVANIA, AND APPELLATE COURTS FROM ANY THEREOF, (B) CONSENT THAT ANY ACTION OR PROCEEDING SHALL BE BROUGHT IN SUCH COURTS, AND WAIVE ANY OBJECTION THAT EACH MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH ACTION OR PROCEEDING IN ANY SUCH COURT ... PROVIDED [LYON] MAY IN ITS DISCRETION ENFORCE THE TERMS OF THE FORUM SELECTION PROVISIONS IN THE [AGREEMENT].

Despite the Restructuring Agreement's forum-selection clause, MNI sued Lyon in Hidalgo County. MNI alleged, generally, that Lyon had not funded a machine reflected by one of the Schedules, yet Lyon had been charging MNI as though the Schedule had been funded. MNI asserted claims for usury and unjust enrichment, and sought a declaratory judgment invalidating certain provisions, including venue and jurisdictional provisions, of "the underlying contract" as unconscionable. Lyon asserted the applicability of the forum-selection clause in its answer and filed a motion to dismiss. In response, MNI argued that the forum-selection clause was induced by fraudulent representations, it was invalid for overreaching, and that dismissal of its suit would create an unjust result. MNI's responses to the motion to dismiss included an affidavit from Hernandez and a request that the trial court take judicial notice of Pennsylvania law, which was the law selected by the agreement. Following a hearing, the trial court overruled Lyon's motion to dismiss without stating the reasons for doing so. The court of appeals denied mandamus relief.

In this Court, Lyon seeks a writ of mandamus directing the trial court to dismiss MNI's case based on the forum-selection clause by which the parties agreed that the courts of Pennsylvania would have exclusive jurisdiction.

MNI does not contest applicability of the clauses. Referencing *In re AIU Insurance Co.*, 148 S.W.3d 109 (Tex.2004), MNI agrees the clauses are presumptively enforceable but asserts that under the facts of the case, it has met its "heavy, *but not impossible*, burden of proof" to defeat application of the clauses. MNI contends that the trial court properly denied enforcement of the forum-selection clause for several reasons: (1) enforcement would create an unjust result by depriving MNI of its day in court because business corporations lack standing to bring usury claims in Pennsylvania; (2) enforcement would subvert Texas public policy that favors preventing acts of usury; (3) the forum-selection clauses resulted from overreaching; (4) Pennsylvania is an inconvenient forum where MNI could not litigate because of cost; and (5) fraudulent representations by Lyon induced MNI's agreement to the Restructuring Agreement's forum-selection clause. MNI also urges that the standard for mandamus review has not been met because Lyon will not be irreparably harmed if it waits to appeal from a final judgment.

 Contrary to MNI's position, mandamus is available to enforce a forum-selection clause. There is no adequate remedy by appeal when a trial court refuses to enforce a forum-selection clause, and such clauses can be enforced via mandamus. *See In re AutoNation, Inc.*, 228 S.W.3d 663, 667–68 (Tex.2007).

 A trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement of the clause can clearly show that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement

would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *See In re AIU,* 148 S.W.3d at 112 (citing *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15–17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)); *In re Automated Collection Techs., Inc.,* 156 S.W.3d 557, 559 (Tex.2004). A forum-selection clause is generally enforceable, and the burden of proof on a party challenging the validity of such a clause is heavy. *See In re AIU,* 148 S.W.3d at 113. Here, MNI supports its challenge to the forum-selection clause with an affidavit from Hector Hernandez. Lyon urges that the affidavit is insufficient to carry MNI's burden of proof. We agree, as we explain below.

We first address MNI's contention that Lyon fraudulently induced it to agree to the Restructuring Agreement's forum-selection clause. We have held that fraudulent inducement to sign an agreement containing a dispute resolution agreement such as an arbitration clause or forum-selection clause will not bar enforcement of the clause unless the specific clause was the product of fraud or coercion. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 134–35 (Tex.2004). In his affidavit, Hernandez says that:

> To the extent that Defendant has asserted the forum selection clauses and confessions of judgment, it was represented to me by Defendant that the provision only applied to Schedule 1 of the financing, not Schedule 3, which is the one sued upon. I signed confession of judgment based upon that representation.

Lyon insists that the statements in Hernandez's affidavit are not evidence of misrepresentation or fraud such that they could fulfill the heavy burden of proof on MNI to avoid enforcement of the forum-selection paragraph. We agree. Each schedule incorporates by reference the Agreement and any modifications or amendments. The Restructuring Agreement is not a preprinted "boilerplate" document, and it contains a separate merger paragraph setting out that it is "the entire and final agreement among the parties with respect to the subject matter hereof and there are no agreements, understandings, warranties or representations among the parties with respect to these matters except as set forth herein." The Restructuring Agreement clearly sets out that there were no representations between the parties not set out in the agreement and that the Restructuring Agreement was the entire agreement between the parties with respect to the subject matter. Hernandez does not aver that he would not have signed the Restructuring Agreement absent the alleged misrepresentation. He only stated that he signed the *confession of judgment* based on the representation. Further, the clause in the Restructuring Agreement specifically states Pennsylvania would have exclusive jurisdiction over any legal action related to it or any schedule. A party who signs an agreement is presumed to know its contents. *In re Bank One, N.A.,* 216 S.W.3d 825, 826 (Tex.2007). That includes documents specifically incorporated by reference. *See id.* Based on the foregoing, we agree that the affidavit is no evidence that the forum-selection clause in the Restructuring Agreement was secured by misrepresentation or fraud.

MNI also alleges that the forum-selection clause is invalid due to unfairness and overreaching by Lyon. In support of its claim, MNI asserts there was a disparity in bargaining power and sophistication between the parties. Disparity in bargaining power is most commonly described as occurring when one party has no choice but to accept an agreement limiting the liability of another party. *Allright, Inc. v.*

*Elledge,* 515 S.W.2d 266, 267 (Tex.1974). In Hernandez's affidavit, he claimed that he was not able to obtain any legal advice, he does not have formal business school training, he was unaware of the "contract provision when [he] signed it," and that "the documents" were presented to him on a "take-it-or-leave-it" basis. But a bargain is not negated because one party may have been in a more advantageous bargaining position. *In re Palm Harbor Homes, Inc.,* 195 S.W.3d 672, 679 (Tex.2006). Rather, we consider whether a contract results in unfair surprise or oppression. *Id.* The forum-selection clause in the Restructuring Agreement was in all capital letters and was similar to the clause in the Master Agreement. Additionally, parties to a contract have an obligation to protect themselves by reading what they sign and, absent a showing of fraud, cannot excuse themselves from the consequences of failing to meet that obligation. *In re Prudential,* 148 S.W.3d at 134. Hernandez's statements do not evidence overreaching or trickery by Lyon. They show a transaction where Lyon offered to do business on a specified basis and MNI accepted.

■ As additional evidence of unfairness and overreaching, MNI points to the clause permitting Lyon to litigate its claims in either Texas or Pennsylvania while limiting MNI to seeking relief in Pennsylvania. MNI also claimed that the inclusion of the forum-selection clause created an adhesion contract with Lyon. Parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy. *Id.* at 129. In the arbitration context, arbitration clauses generally do not require mutuality of obligation so long as adequate consideration supports the underlying contract. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 757 (Tex.2001). MNI has not made any claim that either the Master Agreement or

Restructuring Agreement were not supported by adequate consideration. However, we must also decide if the forum-selection clause was "so one-sided that it is unconscionable under the circumstances when the parties made the contract." *In re Palm Harbor Homes,* 195 S.W.3d at 678. As previously discussed, the circumstances under which the contracts were made do not show that the clause is so one-sided as to be unconscionable. Further, even if we assume that the agreement constituted a contract of adhesion, as MNI contends, we have held on numerous occasions that adhesion contracts are not per se unconscionable or void. *Id.; In re AdvancePCS Health L.P.,* 172 S.W.3d 603, 608 (Tex.2005); *In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 574 (Tex. 1999).

MNI also points to a clause in the contract waiving its right to a jury trial as evidence that the contract involved overreaching, but MNI does not contend that the waiver of a jury trial arose as a result of fraud or trickery. *In re Prudential,* 148 S.W.3d at 130. Accordingly, we conclude that there is no evidence that Lyon engaged in overreaching in connection with the forum-selection clause.

■ Next, we consider whether Pennsylvania is such an inconvenient forum that enforcing the forum-selection clause would produce an unjust result. In making this assertion, MNI references only Hernandez's affidavit to the effect that "MNI does not have the financial or logistical ability to pursue its claims in Pennsylvania. Because Pennsylvania is so distant, if this Court required MNI to pursue this claim there, MNI will be unable to pursue its rights— MNI is a small, local business." In *In re AIU,* we discussed the United States Supreme Court's approach to how a claim of inconvenience of litigating in a contracted-for forum might impact the considerations

as to a forum-selection clause. 148 S.W.3d at 113. There, we noted the position taken by the Supreme Court:

> The Supreme Court observed that inconvenience in litigating in the chosen forum may be foreseeable at the time of contracting, and when that is the case, "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."

*Id.* (quoting *The Bremen,* 407 U.S. at 18, 92 S.Ct. 1907). The Supreme Court later clarified that the inconvenience discussion in *The Bremen* occurred in the context of evaluating a hypothetical agreement between two Americans to resolve a local dispute in a remote alien forum, not an agreement to resolve the dispute in another of the United States. *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

■ By entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons. MNI executed a Master Agreement and the Restructuring Agreement, both containing clauses vesting jurisdiction in Pennsylvania courts. There is no evidence that MNI's financial or "logistical" conditions changed from the time the agreements were executed to the time MNI filed suit in Hidalgo County or Hernandez executed the affidavit. If merely stating that financial and logistical difficulties will preclude litigation in another state suffices to avoid a forum-selection clause, the clauses are practically useless. Financial difficulties on behalf of one party or the other are typically part of the reason litigation begins. Further, Pennsylvania is not a "remote alien forum." Absent proof of special and unusual circumstances, which are not shown here, trial in another state is not "so gravely difficult and inconvenient" as to avoid enforcement of an otherwise valid forum-selection clause. *See In re AIU,* 148 S.W.3d at 113. We conclude there is no proof to show an "unjust result" if the forum-selection clause is enforced.

■ MNI also claims that enforcement of the forum-selection clause would unjustly preclude its day in court because Pennsylvania law does not allow a corporation to maintain a cause of action for usury. *See* 15 PA. CONS.STAT. § 1510. Such a result, MNI claims, would subvert Texas' public policy that favors preventing acts of usury. *See Steves Sash & Door Co. v. Ceco Corp.,* 751 S.W.2d 473, 476 (Tex.1988). Its argument is based on the choice-of-law provisions in the Master Agreement and Restructuring Agreement that designate Pennsylvania law as the law governing the contracts. However, MNI's inability to assert its usury claim in Pennsylvania does not create a public policy reason to deny enforcement of the forum-selection clause. In *In re AutoNation, Inc.,* 228 S.W.3d 663 (Tex.2007), we addressed a similar contention as to employment law. There, the contention was that Texas public policy mandated that Texas law apply to employment agreements governing Texas employees even though the agreement in question designated Florida law. *Id.* at 669. We said that absent a Texas statute requiring suit to be brought in Texas, the existence of Texas statutory law in an area did not establish such Texas public policy as would negate a contractual forum-selection provision. *Id.* Further, MNI has made no showing that even if Pennsylvania law is applied, Pennsylvania would not apply Texas law in determining the parties' rights. *See id.* at 671 (O'Neill, J. concur-

ring). Thus, MNI did not provide evidence that enforcing the forum-selection clause would subvert Texas' public policy in regard to usury.

Finding no evidence in the record to overcome the presumption that the forum-selection clause included in the documents executed by the parties is valid, we conclude that the trial court abused its discretion in denying Lyon's motion to dismiss. Accordingly, we conditionally grant writ of mandamus and, without hearing oral argument, direct the trial court to vacate its order denying Lyon's motion to dismiss MNI's suit. *See* TEX.R.APP. P. 59.1. We are confident the trial court will comply and writ will issue only if it does not.