TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00286-CV






Appellant, First ATM, Inc.// Cross-Appellant, Onedoz, Inc. d/b/a Resevoir Tavern


v.


Appellees, Onedoz, Inc. d/b/a Resevoir Tavern and Neil Donaldson

// Cross-Appellee, First ATM, Inc.






FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. C-1-CV-07-012717, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an appeal from the trial court's rulings on special appearances filed by
defendants Onedoz, Inc. d/b/a Resevoir Tavern and Neil Donaldson. Plaintiff First ATM, Inc. sued
the defendants for breach of contract, arguing that they were subject to the court's personal
jurisdiction based on the contract's forum-selection clause. We affirm the trial court's denial of
the special appearance of Onedoz because enforcing the forum-selection clause against it would
not be unreasonable and unjust. We affirm the trial court's granting of Neil Donaldson's special
appearance because he was not a party to the contract.


Factual and Procedural Background

 Onedoz, a Washington corporation that owns and operates a single tavern in Seattle,
Washington, entered into a contract in October 2005 with First ATM, a Texas corporation, to
purchase an automated teller machine (ATM) and provide for its service and maintenance. After
a dispute arose between the parties, First ATM sued Onedoz and its owner and president,
Neil Donaldson, in November 2007 for breach of contract in county court in Travis County, Texas. 
Onedoz and Donaldson each contested the court's jurisdiction by special appearance. See Tex. R.
Civ. P. 120a. The trial court granted Donaldson's special appearance, but denied Onedoz's special
appearance. The trial court also, on request, issued findings of fact and conclusions of law regarding
its orders on the special appearances. See Tex. R. App. P. 28.1(c). Appellant First ATM appeals
the grant of appellee Donaldson's special appearance, and cross-appellant Onedoz appeals the denial
of its special appearance. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (West 2008).


Special Appearance by Onedoz, Inc.

 We first address Onedoz's appeal of the trial court's denial of its special appearance. 
Whether a court has personal jurisdiction over a defendant is a question of law. BMC Software
Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002). In reviewing the denial of a special
appearance when, as in this case, the trial court issued findings of fact and conclusions of law,
the court of appeals reviews the fact findings for both legal and factual sufficiency, and reviews the
legal conclusions de novo. See id. at 793-94. Onedoz contends that the trial court erred in issuing
its conclusion of law that Onedoz failed to prove that enforcement of the forum-selection clause
would be unreasonable and unjust. Our review is de novo.



 The contract between First ATM and Onedoz contains the following forum-selection
clause:


Governing Law. This Agreement shall be construed and governed in all respects in
accordance with Texas law, excluding its principles of conflicts of laws, and the
parties hereto irrevocably submit to the jurisdiction of the State of Texas and the
venue of Travis County in any action brought by the parties hereto concerning this
Agreement or the performance thereof.


Under Texas law, enforcement of a forum-selection clause is required unless the party opposing
enforcement "clearly shows that enforcement would be unreasonable and unjust, or that the clause
was invalid for such reasons as fraud or overreaching." In re Automated Collection Techs., Inc.,
156 S.W.3d 557, 559 (Tex. 2004) (quoting In re AIU Ins. Co., 148 S.W.3d 109, 112 (Tex. 2004)). 
Onedoz contends that enforcing the forum-selection clause would be unreasonable and unjust (1)
because (1) the clause was not freely negotiated, (2) the key witnesses are in Washington, (3) Onedoz
does not have the financial resources to adequately litigate in Texas, and (4) Onedoz has no contacts
with the State of Texas.

 In support of its argument that the forum-selection clause was not freely negotiated,
Onedoz asserts that the clause is part of four pages of boilerplate language in fine print, located on
the back sides of the four pages that contain the Onedoz-specific contractual provisions and the
signatures of Onedoz's representative. However, although Onedoz asserts that the forum-selection
clause was never actually "discussed" between the parties, the first page of the contract states, above
Onedoz's signature: "FATM and [Onedoz] both agree to the Terms and Conditions and all other
Agreements associated with this Processing Agreement. Both parties agree that they have read
all four (4) pages of this Agreement (front and back)." Moreover, a non-negotiated forum-selection
clause in a boilerplate context is not unenforceable simply because it is not the subject of bargaining. 
See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991). Given that Onedoz by its
signature represented it had read the forum-selection clause, and that Onedoz is not arguing the
existence of fraud or overreaching, we conclude that Onedoz's contention that the forum-selection
clause itself was not freely negotiated does not weaken the validity of the clause. See In re Lyon Fin.
Servs., Inc., 257 S.W.3d 228, 232-33 (Tex. 2008) ("[P]arties to a contract have an obligation to
protect themselves by reading what they sign and, absent a showing of fraud, cannot excuse
themselves from the consequences of failing to meet that obligation.").

 Onedoz contends that all communications and activities between the parties prior to
the lawsuit took place in Washington, including the solicitation, negotiation, and execution of
the contract and the maintenance and payment issues that subsequently arose, and therefore,
the fact witnesses of relevance all reside in Washington. According to Onedoz, the relevant fact
witnesses are Onedoz representatives, employees, and customers located in Seattle, Washington, and
First ATM employees located in its Fall City, Washington office. Onedoz asserts that being forced
to litigate in Texas when all the witnesses are in Washington will make it difficult for Onedoz to
build an effective defense, and will effectively deprive Onedoz of its day in court. We disagree. The
Texas Supreme Court recently rejected a challenge to a forum-selection clause based, in part, on
the reasoning Onedoz advances here. See In re AIU Ins. Co., 148 S.W.3d at 112-14 (enforcing
the contracted New York forum even though "many if not most potential witnesses regarding
coverage issues are in Texas"). Moreover, according to the supreme court in a more recent case,
"[b]y entering into an agreement with a forum-selection clause, the parties effectively represent to
each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either
party of its day in court." In re Lyon Fin. Servs., 257 S.W.3d at 234. Therefore, the fact that most
of the witnesses are located in Washington, even if true, does not provide sufficient proof to show
an "unjust result" if the forum-selection clause is enforced.

 Onedoz next asserts that, because of the distance between Seattle, Washington
and Travis County, Texas, it lacks financial resources to litigate in Texas. Onedoz contends that it
will be forced to rely on videotaped testimony or deposition testimony at trial, or even not pursue
valuable witness testimony, because of the high cost of bringing witnesses into Texas for an
indefinite time. Onedoz has the burden to show that litigating in Texas "will be so gravely difficult
and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." See In re
AIU Ins. Co., 148 S.W.3d at 113 (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18
(1972)). Onedoz's unsupported pleadings regarding its financial condition and its expected costs
of litigation in Texas do not meet this burden. "If merely stating that financial and logistical
difficulties will preclude litigation in another state suffices to avoid a forum-selection clause, the
clauses are practically useless." In re Lyon Fin. Servs., 257 S.W.3d at 234.

 Lastly, Onedoz asserts that it has no contacts with the State of Texas and that, as a
result, the interests of the witnesses and the public strongly favor jurisdiction in the State of
Washington. Whether a defendant purposefully established minimum contacts with a forum is not
relevant when there is an enforceable forum-selection clause. See Burger King Corp. v. Rudzewicz,
471 U.S. 462, 472 & n.14 (1985); Abacan Tech. Servs. Ltd. v. Global Marine Int'l Servs. Corp.,
994 S.W.2d 839, 843 (Tex. App.--Houston [1st Dist.] 1999, no pet.). In addition, the "interests of
the witnesses and the public" is no longer a legal standard in Texas for deciding whether to enforce
a forum-selection clause. See Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod.,
Inc., 234 S.W.3d 679, 692 (Tex. App.--Houston [14th Dist.] 2007, pet. filed).

 We agree with the trial court's conclusion of law that Onedoz failed to prove that
enforcement of the forum-selection clause would be unreasonable and unjust. We affirm the
trial court's denial of Onedoz's special appearance.


Special Appearance by Neil Donaldson

 We next turn to First ATM's appeal of the trial court's granting of Neil Donaldson's
special appearance. First ATM contends that the trial court erred in entering its conclusions of law
that Donaldson did not enter into the contract in his individual capacity, and is not a party subject
to the terms of the contract, including the forum-selection clause. In reviewing the granting of a
special appearance when, as in this case, the trial court issued findings of fact and conclusions
of law, we review the trial court's legal conclusions de novo. BMC Software Belgium, 83 S.W.3d
at 793-94.

 First ATM concedes that the Travis County court only has personal jurisdiction
over Donaldson in this lawsuit if he is a party to the contract and, thus, subject to the forum-selection
clause. First ATM also concedes that under the contract Onedoz is the principal obligor of all
amounts that become due to First ATM under the contract, but argues that under the contract
Donaldson is made guarantor of such amounts. Therefore, whether Donaldson's special appearance
should have been denied depends entirely on whether Donaldson is made guarantor under
the contract. First ATM relies on two provisions of the contract to establish that Donaldson is a
guarantor. (2)

 First ATM points to section 1.10 of the contract's Schedule 01, which identifies
the contracting "Merchant" as "the entity receiving goods and services from FATM, as both
institution and as individual guarantor." First ATM contends that this definition "clearly
encompasses Neil Donaldson in his individual capacity." However, there is no dispute that
Onedoz--not Donaldson--is the entity receiving goods and services from First ATM. Therefore,
if anything, based on its plain language, section 1.10 identifies Onedoz--not Donaldson--as the
"individual guarantor."

 Next, First ATM relies on section 3.5 of Schedule 01, which states:


Insurance. The Merchant agrees to obtain and maintain all insurance coverage
required by law, regulations and prudent business practices in connection with the
use of the Merchant ATM and the use of FATM's Processing Services. The
individual executing this Agreement shall be personally liable for all amounts due
to FATM under this Agreement. Furthermore, Merchant is to designate FATM as
loss payee for any and all claims associated with Merchant ATM. Failure to provide
such insurance or make said designation shall make Merchant personally and
primarily liable for any damages, legal expenses and loss of revenue.



(Emphasis added). Setting aside the questionable placement of a statement of personal guaranty
within a section labeled "Insurance," we find that the statement does not make Donaldson a
guarantor because there is no evidence that Donaldson executed the contract in his individual
capacity.

 First ATM concedes that Donaldson's single signature on each page was made in
his representative capacity as an officer of Onedoz, but contends that the signatures were also made
in his individual capacity. First ATM relies on Taylor-Made Hose, Inc. v. Wilkerson, in which
the San Antonio Court of Appeals held that a corporation's credit application unambiguously
established the officer who signed the application to be the personal guarantor of the corporation's
debt. 21 S.W.3d 484, 488 (Tex. App.--San Antonio 2000, pet. denied). However, First ATM's
contract and the instrument in Taylor-Made Hose are dissimilar. Although there was only one
signature line on the credit application at issue in Taylor-Made Hose, two "terms and conditions"
immediately preceded the officer's signature: the first beginning with "We agree to pay," and
the second beginning with "I personally agree to pay." Id. at 486. In contrast, neither Schedule 01
of the contract at issue here, nor the signature line (on a separate page) that incorporates Schedule 01,
departs from the entity-specific terms "Merchant" or the "party." Schedule 01 contains no statement
in first person, and Donaldson's signature is in no way identified as being made in an individual
capacity. Therefore, Donaldson's assent by his signature to the statement that the individual
executing the contract is personally liable was made solely in his representative capacity. 
Consequently, the statement cannot bind Donaldson individually, as he never agreed in his individual
capacity to be bound by any provision of the contract. See Block v. Aube, 718 S.W.2d 914, 915
(Tex. App.--Beaumont 1986, no writ) (intent of party to contract to become liable as a guarantor
must be evidenced in the contract "with reasonable clearness").

 We agree with the trial court's conclusions of law that Donaldson did not enter into
the contract in his individual capacity and is not a party subject to the terms of the contract, including
the forum-selection clause. We affirm the trial court's grant of Donaldson's special appearance.


Conclusion

 We affirm the orders of the trial court granting the special appearance of
Neil Donaldson and denying the special appearance of Onedoz, Inc.



 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: February 13, 2009

1. Onedoz did not argue at the trial court, and does not argue to this Court, that the forum-selection clause was invalid due to fraud or some other theory that would make the provision
unenforceable as a matter of contract law.
2. First ATM also points out in its briefing that "Neil Donaldson," not Onedoz, Inc., is printed
on the "Merchant Name" line in the contract's signature blocks. However, First ATM conceded
during oral argument that Onedoz, not Donaldson, is the principal obligor.