# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00286-CV

**Appellant, First ATM, Inc.// Cross-Appellant, Onedoz, Inc. d/b/a Resevoir Tavern**

**v.**

**Appellees, Onedoz, Inc. d/b/a Resevoir Tavern and Neil Donaldson**
**// Cross-Appellee, First ATM, Inc.**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-07-012717, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's rulings on special appearances filed by defendants Onedoz, Inc. d/b/a Resevoir Tavern and Neil Donaldson. Plaintiff First ATM, Inc. sued the defendants for breach of contract, arguing that they were subject to the court's personal jurisdiction based on the contract's forum-selection clause. We affirm the trial court's denial of the special appearance of Onedoz because enforcing the forum-selection clause against it would not be unreasonable and unjust. We affirm the trial court's granting of Neil Donaldson's special appearance because he was not a party to the contract.

### *Factual and Procedural Background*

Onedoz, a Washington corporation that owns and operates a single tavern in Seattle, Washington, entered into a contract in October 2005 with First ATM, a Texas corporation, to

purchase an automated teller machine (ATM) and provide for its service and maintenance. After a dispute arose between the parties, First ATM sued Onedoz and its owner and president, Neil Donaldson, in November 2007 for breach of contract in county court in Travis County, Texas. Onedoz and Donaldson each contested the court's jurisdiction by special appearance. *See* Tex. R. Civ. P. 120a. The trial court granted Donaldson's special appearance, but denied Onedoz's special appearance. The trial court also, on request, issued findings of fact and conclusions of law regarding its orders on the special appearances. *See* Tex. R. App. P. 28.1(c). Appellant First ATM appeals the grant of appellee Donaldson's special appearance, and cross-appellant Onedoz appeals the denial of its special appearance. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (West 2008).

### *Special Appearance by Onedoz, Inc.*

We first address Onedoz's appeal of the trial court's denial of its special appearance. Whether a court has personal jurisdiction over a defendant is a question of law. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). In reviewing the denial of a special appearance when, as in this case, the trial court issued findings of fact and conclusions of law, the court of appeals reviews the fact findings for both legal and factual sufficiency, and reviews the legal conclusions de novo. *See id.* at 793-94. Onedoz contends that the trial court erred in issuing its conclusion of law that Onedoz failed to prove that enforcement of the forum-selection clause would be unreasonable and unjust. Our review is de novo.

2

The contract between First ATM and Onedoz contains the following forum-selection clause:

> Governing Law. This Agreement shall be construed and governed in all respects in accordance with Texas law, excluding its principles of conflicts of laws, and the parties hereto irrevocably submit to the jurisdiction of the State of Texas and the venue of Travis County in any action brought by the parties hereto concerning this Agreement or the performance thereof.

Under Texas law, enforcement of a forum-selection clause is required unless the party opposing enforcement "clearly shows that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (quoting *In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex. 2004)). Onedoz contends that enforcing the forum-selection clause would be unreasonable and unjust[1] because (1) the clause was not freely negotiated, (2) the key witnesses are in Washington, (3) Onedoz does not have the financial resources to adequately litigate in Texas, and (4) Onedoz has no contacts with the State of Texas.

In support of its argument that the forum-selection clause was not freely negotiated, Onedoz asserts that the clause is part of four pages of boilerplate language in fine print, located on the back sides of the four pages that contain the Onedoz-specific contractual provisions and the signatures of Onedoz's representative. However, although Onedoz asserts that the forum-selection clause was never actually "discussed" between the parties, the first page of the contract states, above

---

[1] Onedoz did not argue at the trial court, and does not argue to this Court, that the forum-selection clause was invalid due to fraud or some other theory that would make the provision unenforceable as a matter of contract law.

3

Onedoz's signature: "FATM and [Onedoz] both agree to the Terms and Conditions and all other Agreements associated with this Processing Agreement. Both parties agree that they have read all four (4) pages of this Agreement (front and back)." Moreover, a non-negotiated forum-selection clause in a boilerplate context is not unenforceable simply because it is not the subject of bargaining. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991). Given that Onedoz by its signature represented it had read the forum-selection clause, and that Onedoz is not arguing the existence of fraud or overreaching, we conclude that Onedoz's contention that the forum-selection clause itself was not freely negotiated does not weaken the validity of the clause. *See In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 232-33 (Tex. 2008) ("[P]arties to a contract have an obligation to protect themselves by reading what they sign and, absent a showing of fraud, cannot excuse themselves from the consequences of failing to meet that obligation.").

Onedoz contends that all communications and activities between the parties prior to the lawsuit took place in Washington, including the solicitation, negotiation, and execution of the contract and the maintenance and payment issues that subsequently arose, and therefore, the fact witnesses of relevance all reside in Washington. According to Onedoz, the relevant fact witnesses are Onedoz representatives, employees, and customers located in Seattle, Washington, and First ATM employees located in its Fall City, Washington office. Onedoz asserts that being forced to litigate in Texas when all the witnesses are in Washington will make it difficult for Onedoz to build an effective defense, and will effectively deprive Onedoz of its day in court. We disagree. The Texas Supreme Court recently rejected a challenge to a forum-selection clause based, in part, on the reasoning Onedoz advances here. *See In re AIU Ins. Co.*, 148 S.W.3d at 112-14 (enforcing

4

the contracted New York forum even though "many if not most potential witnesses regarding coverage issues are in Texas"). Moreover, according to the supreme court in a more recent case, "[b]y entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court." *In re Lyon Fin. Servs.*, 257 S.W.3d at 234. Therefore, the fact that most of the witnesses are located in Washington, even if true, does not provide sufficient proof to show an "unjust result" if the forum-selection clause is enforced.

Onedoz next asserts that, because of the distance between Seattle, Washington and Travis County, Texas, it lacks financial resources to litigate in Texas. Onedoz contends that it will be forced to rely on videotaped testimony or deposition testimony at trial, or even not pursue valuable witness testimony, because of the high cost of bringing witnesses into Texas for an indefinite time. Onedoz has the burden to show that litigating in Texas "will be so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." *See In re AIU Ins. Co.*, 148 S.W.3d at 113 (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)). Onedoz's unsupported pleadings regarding its financial condition and its expected costs of litigation in Texas do not meet this burden. "If merely stating that financial and logistical difficulties will preclude litigation in another state suffices to avoid a forum-selection clause, the clauses are practically useless." *In re Lyon Fin. Servs.*, 257 S.W.3d at 234.

Lastly, Onedoz asserts that it has no contacts with the State of Texas and that, as a result, the interests of the witnesses and the public strongly favor jurisdiction in the State of Washington. Whether a defendant purposefully established minimum contacts with a forum is not

5

relevant when there is an enforceable forum-selection clause. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 & n.14 (1985); *Abacan Tech. Servs. Ltd. v. Global Marine Int'l Servs. Corp.*, 994 S.W.2d 839, 843 (Tex. App.—Houston [1st Dist.] 1999, no pet.). In addition, the "interests of the witnesses and the public" is no longer a legal standard in Texas for deciding whether to enforce a forum-selection clause. *See Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 692 (Tex. App.—Houston [14th Dist.] 2007, pet. filed).

We agree with the trial court's conclusion of law that Onedoz failed to prove that enforcement of the forum-selection clause would be unreasonable and unjust. We affirm the trial court's denial of Onedoz's special appearance.

### *Special Appearance by Neil Donaldson*

We next turn to First ATM's appeal of the trial court's granting of Neil Donaldson's special appearance. First ATM contends that the trial court erred in entering its conclusions of law that Donaldson did not enter into the contract in his individual capacity, and is not a party subject to the terms of the contract, including the forum-selection clause. In reviewing the granting of a special appearance when, as in this case, the trial court issued findings of fact and conclusions of law, we review the trial court's legal conclusions de novo. *BMC Software Belgium*, 83 S.W.3d at 793-94.

First ATM concedes that the Travis County court only has personal jurisdiction over Donaldson in this lawsuit if he is a party to the contract and, thus, subject to the forum-selection clause. First ATM also concedes that under the contract Onedoz is the principal obligor of all amounts that become due to First ATM under the contract, but argues that under the contract

6

Donaldson is made guarantor of such amounts. Therefore, whether Donaldson's special appearance should have been denied depends entirely on whether Donaldson is made guarantor under the contract. First ATM relies on two provisions of the contract to establish that Donaldson is a guarantor.[2]

First ATM points to section 1.10 of the contract's Schedule 01, which identifies the contracting "Merchant" as "the entity receiving goods and services from FATM, as both institution and as individual guarantor." First ATM contends that this definition "clearly encompasses Neil Donaldson in his individual capacity." However, there is no dispute that Onedoz—not Donaldson—is the entity receiving goods and services from First ATM. Therefore, if anything, based on its plain language, section 1.10 identifies Onedoz—not Donaldson—as the "individual guarantor."

Next, First ATM relies on section 3.5 of Schedule 01, which states:

> Insurance. The Merchant agrees to obtain and maintain all insurance coverage required by law, regulations and prudent business practices in connection with the use of the Merchant ATM and the use of FATM's Processing Services. *The individual executing this Agreement shall be personally liable for all amounts due to FATM under this Agreement.* Furthermore, Merchant is to designate FATM as loss payee for any and all claims associated with Merchant ATM. Failure to provide such insurance or make said designation shall make Merchant personally and primarily liable for any damages, legal expenses and loss of revenue.

---

[2] First ATM also points out in its briefing that "Neil Donaldson," not Onedoz, Inc., is printed on the "Merchant Name" line in the contract's signature blocks. However, First ATM conceded during oral argument that Onedoz, not Donaldson, is the principal obligor.

(Emphasis added). Setting aside the questionable placement of a statement of personal guaranty within a section labeled "Insurance," we find that the statement does not make Donaldson a guarantor because there is no evidence that Donaldson executed the contract in his individual capacity.

First ATM concedes that Donaldson's single signature on each page was made in his representative capacity as an officer of Onedoz, but contends that the signatures were also made in his individual capacity. First ATM relies on *Taylor-Made Hose, Inc. v. Wilkerson*, in which the San Antonio Court of Appeals held that a corporation's credit application unambiguously established the officer who signed the application to be the personal guarantor of the corporation's debt. 21 S.W.3d 484, 488 (Tex. App.—San Antonio 2000, pet. denied). However, First ATM's contract and the instrument in *Taylor-Made Hose* are dissimilar. Although there was only one signature line on the credit application at issue in *Taylor-Made Hose*, two "terms and conditions" immediately preceded the officer's signature: the first beginning with "We agree to pay," and the second beginning with "I personally agree to pay." *Id.* at 486. In contrast, neither Schedule 01 of the contract at issue here, nor the signature line (on a separate page) that incorporates Schedule 01, departs from the entity-specific terms "Merchant" or the "party." Schedule 01 contains no statement in first person, and Donaldson's signature is in no way identified as being made in an individual capacity. Therefore, Donaldson's assent by his signature to the statement that the individual executing the contract is personally liable was made solely in his representative capacity. Consequently, the statement cannot bind Donaldson individually, as he never agreed in his individual capacity to be bound by any provision of the contract. *See Block v. Aube*, 718 S.W.2d 914, 915

8

(Tex. App.—Beaumont 1986, no writ) (intent of party to contract to become liable as a guarantor must be evidenced in the contract "with reasonable clearness").

We agree with the trial court's conclusions of law that Donaldson did not enter into the contract in his individual capacity and is not a party subject to the terms of the contract, including the forum-selection clause. We affirm the trial court's grant of Donaldson's special appearance.

### *Conclusion*

We affirm the orders of the trial court granting the special appearance of Neil Donaldson and denying the special appearance of Onedoz, Inc.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: February 13, 2009

9