# NO. 12-16-00126-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: RANDY RUTTER,* | § | |
| *ERIC JOINER, AND* | | |
| *ERIC JOINER WHOLESALE, LLC,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | | |
| | § | |

## *MEMORANDUM OPINION*

By petition for writ of mandamus, Randy Rutter, Eric Joiner, and Eric Joiner Wholesale, LLC (Relators) challenge the trial court's order denying their motion to dismiss.[1] The real parties in interest are John and Beth Anne Miller. We deny the petition.

## BACKGROUND

The Millers purchased a vehicle at an auction. Mecum Auction, Inc. conducted the auction, and Relators owned the vehicle. The Millers received representations that they were purchasing a 1970 Chevrolet Chevelle LS6 automobile.

After taking possession of the vehicle, the Millers suspected that they had been misled regarding certain aspects of the vehicle. The Millers sued Mecum Auction and Relators, alleging violation of the Deceptive Trade Practices Act through the breach of the implied warranty of merchantability, fraud, negligence, negligent misrepresentation, and breach of express and implied warranties.

Mecum Auction filed a motion to dismiss the Millers' claims against it because Mecum Auction and the Millers had entered into a contract that contained a forum selection clause. Relators filed an answer to the Millers' claims in which they contended that they were third party beneficiaries to the contract between Mecum Auction and the Millers. Thus, they contended, the

---

[1] The respondent is the Honorable Carter Tarrance, Judge of the 392nd Judicial District Court, Henderson County, Texas.

forum selection clause applied to the Millers' claims against them as well. The Millers filed a response to Mecum Auction's motion to dismiss, and Relators filed a motion for joinder in Mecum Auction's motion. Mecum Auction then filed an amended motion to dismiss.

The trial court instructed Relators to provide additional briefing on the issue of the applicability of the forum selection clause to claims against nonsignatories to the contract. Relators responded that direct benefits estoppel required all of the Millers' claims to be dismissed. The trial court granted Mecum Auction's motion to dismiss, but denied Relators' motion to dismiss. This original proceeding followed.

## AVAILABILITY OF MANDAMUS

Ordinarily, mandamus will issue only to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). When a trial court refuses to enforce a valid forum selection clause, there is no adequate appellate remedy. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 231 (Tex. 2008) (orig. proceeding). Thus, when reviewing a trial court's denial of a motion to dismiss based on a forum selection clause, our focus is whether the trial court clearly abused its discretion.

To determine whether the trial court clearly abused its discretion, we consider whether the challenged ruling or order was one compelled by the facts and circumstances or was arbitrary, unreasonable, or reached without reference to any guiding rules or principles. *In re Huag*, 175 S.W.3d 449, 451 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

## DIRECT BENEFITS ESTOPPEL

Relators contend that the trial court abused its discretion by denying their motion to dismiss. They argue that direct benefits estoppel required the trial court to dismiss all of the Millers' claims against them pursuant to the forum selection clause contained in the contract between Mecum Auction and the Millers.

**Applicable Law**

Generally, a forum selection clause must be enforced. *In re AIU Ins. Co.*, 148 S.W.3d 109, 111-12 (Tex. 2004) (orig. proceeding). Under certain limited circumstances, a nonsignatory to the contract may enforce a forum selection clause against the claims brought by a signatory. *Smith v. Kenda Capital, LLC*, 451 S.W.3d 453, 458 (Tex. App.—Houston [14th Dist.] 2014, no pet.). One such circumstance is when direct benefits estoppel applies. *Id.* Texas courts first applied direct benefits estoppel to arbitration clauses in contracts. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (orig. proceeding). Arbitration clauses are a specific type of forum selection clause, and thus, direct benefits estoppel can be applied to other forum selection clauses as well. *Smith*, 451 S.W.3d at 457.

A claim seeks a direct benefit from a contract if liability under the claim "arises solely from the contract or must be determined by reference to it." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex. 2005) (orig. proceeding). By contrast, a claim does not seek a direct benefit from a contract if liability under the claim "arises from general obligations imposed by state law, including statutes, torts and other common law duties, or federal law." *In re Morgan Stanley & Co., Inc.*, 293 S.W.3d 182, 184 n.2 (Tex. 2009) (orig. proceeding); *see also Weekley Homes*, 180 S.W.3d at 132 (recognizing that arbitration clause could not be applied against a nonsignatory when liability arises from general legal obligations).

**Analysis**

Relators contend that the Millers' claims are based entirely upon representations made about the Chevelle during the auction. We agree with Relators' assertion, but we do not read direct benefits estoppel to reach so far as to require dismissal of the Millers' claims based solely on this fact. Although the conduct of which the Millers complain occurred at the auction, the Millers' claims arise from general obligations imposed by state law, rather than from any obligations imposed by Mecum Auction and the Millers' contract. *See id.*

We recently addressed an assertion of direct benefits estoppel with regard to an arbitration clause. *See Vines v. Durrett*, No. 12-14-00258-CV, 2015 WL 9591525 (Tex. App.—Tyler July 1, 2016, pet. denied) (mem. op.). In that case, we recognized that the plaintiff's claim that the defendant defrauded him alleged the breach of a common law duty, not a duty arising under the contractual agreement containing the arbitration clause. *Id.* at *3. Accordingly, the plaintiff's suit did not rely on any terms of the agreement, hinge on any rights arising from the

3

agreement, or seek to enforce any duty created by the agreement. *Id.* Under those circumstances, we concluded that direct benefits estoppel does not apply. *Id.*

Because the Millers' claims in this case likewise do not rely on any terms of the agreement, hinge on any rights arising from the agreement, or seek to enforce any duty created by the agreement, the trial court did not abuse its discretion when it determined that direct benefits estoppel did not apply. *See id*.

## POLICY REASONS FOR DISMISSAL

Relators further contend that two policy reasons required the trial court to dismiss the Millers' claims. However, we have reviewed the mandamus record, and we see no indication that Relators made these policy arguments to the trial court.

Texas Rule of Appellate Procedure 33.1 provides that as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court. TEX. R. APP. P. 33.1(a)(1)(A). This rule of error preservation applies to mandamus proceedings. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 937 (Tex. App.—Tyler 2005, orig. proceeding); *see also In re Bank of Am.*, No. 01-02-00867-CV, 2003 WL 22310800, at *2 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, orig. proceeding). Accordingly, we do not address Relators' policy arguments.

## DISPOSITION

Because direct estoppel does not apply, the trial court did not abuse its discretion in denying Relators' motion to dismiss. Accordingly, we *deny* Relators' petition for writ of mandamus.

**BRIAN HOYLE**
Justice

Opinion delivered August 24, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 24, 2016**

**NO. 12-16-00126-CV**

**RANDY RUTTER, ERIC JOINER, AND
ERIC JOINER WHOLESALE, LLC**
Relators
V.
**HON. CARTER TARRANCE,**
Respondent

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CV15-0244-392)

ON THIS DAY came to be heard the petition for writ of mandamus filed by **RANDY RUTTER, ERIC JOINER, AND ERIC JOINER WHOLESALE, LLC**, who are the relators in Cause No. CV15-0244-392, pending on the docket of the 392nd Judicial District Court of Henderson County, Texas. Said petition for writ of mandamus having been filed herein on April 27, 2016, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*