**AFFIRMED and Opinion Filed March 3, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00217-CV

**SHS HOLDINGS, LLC, Appellant**
**V.**
**TODD GLENN ROWAN AND LINDA ANN BUTCHER., Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-11006**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Smith

SHS Holdings, LLC, appeals the trial court's order dismissing its claims against Todd Glenn Rowan and Linda Ann Butcher pursuant to a forum selection clause in the underlying contract. In two issues, appellant argues the trial court erred because the forum selection clause (1) was induced by appellees' fraud and (2) was unenforceable because the corporate party to the contract, Rewards Blockchain Holdings, did not exist. We affirm the trial court's judgment.

Appellant is an investment company engaged in funding early-stage companies. Appellees' company, Blockchain, held interests in cryptocurrencies,

among other things. In February 2019, appellant entered into a contract, the Share Purchase Agreement (SPA), to purchase five percent of Blockchain in exchange for a payment of $200,000. The contract identified Blockchain as "a company incorporated under the laws of Bermuda" and listed a Bermuda address for Blockchain's registered office. The contract also contained a provision that established Bermuda as the forum for settling any dispute, controversy, or claim arising out of the contract.

The parties also were to enter simultaneously into a second agreement, the "Agreement for Future Token Sale" (SAFT), which had the effect of guaranteeing the return of appellant's $200,000 investment. To accomplish this, the SAFT granted appellant 2,000,000 cryptocurrency tokens which appellees guaranteed could be sold for the full amount of appellant's investment within 100 days. The SAFT provided that it too was governed by Bermuda law.

Appellant signed both agreements. In reliance on representations that appellees had also signed the agreements, appellant paid appellees $200,000. However, after appellant made the payment, appellees "claimed they had not signed the SAFT and would not honor the terms." Despite a written demand from appellant's attorney, appellees refused to return the $200,000.

In its first amended petition, the live pleading, appellant asserted appellees committed fraud and violated the Texas Theft Liability Act. Appellant claimed the SPA was void because appellees sold appellant "shares of a fictitious Bermuda

–2–

company that did not exist at the time the agreement was made." Specifically, appellant argued appellees' representation that Blockchain was "a company incorporated under the laws of Bermuda" was false, and "no such company had ever been formed and incorporated in Bermuda."

Appellees responded by filing motions to dismiss stating "each of the purported contracts at issue" included a mandatory forum selection clause designating Bermuda as the "exclusive jurisdiction and venue" for the resolution of disputes between the parties.

In its response to the motions to dismiss, appellant reasserted that Blockchain was "a fictitious entity that did not exist as a corporate entity at the time [the] agreement was signed, nor at any other time before or after." Thus, appellant argued, there was no valid written contract between appellant and appellees. Appellant further argued that, even if a contract did exist, the forum selection clause requiring disputes to be resolved in Bermuda would be void and unenforceable because the contract was induced by fraud, "including fraudulent representations made about the forum-selection clause." As proof that Blockchain did not exist, appellant relied on a letter under the "Government of Bermuda, Ministry of Finance, Registrar of Companies" letterhead dated October 22, 2019. The letter stated that, "[I]n response to your query dated October 21, 2019, we can confirm that Rewards Blockchain Holdings is not a company that appears on our register."

At the conclusion of a hearing in December 2019, the trial court agreed with appellees that a tribunal was going to have to resolve the issues in the case, and "the parties by the intent of their writing determined that that was going to be done by an arbitration panel in Bermuda." On December 5, 2019, the trial court signed an order granting appellees' motion to dismiss and dismissing all of appellant's claims with prejudice. This appeal followed.

In two issues, appellant argues the trial court erred in its dismissal because the evidence established that no contract could be formed between the parties because Blockchain did not exist, and the forum selection and arbitration clause were induced by fraud.

"A motion to dismiss is the proper procedural mechanism for enforcing a forum-selection clause that a party to the agreement has violated in filing suit." *Chandler Mgmt. Corp. v. First Specialty Ins. Corp., Vericlaim, Inc.*, 452 S.W.3d 887, 891 (Tex. App. —Dallas 2014) (quoting *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We review the trial court's decision whether to enforce a forum-selection clause for an abuse of discretion, deferring to the trial court's factual determinations if they are supported by the evidence, but we review the trial court's legal determinations de novo. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex. 2009). A party attempting to show that such a clause should not be enforced bears a heavy burden. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 232 (Tex. 2008) (per

–4–

curiam) (orig. proceeding). "Forum-selection clauses are generally enforceable and presumptively valid." *In re Cornerstone Healthcare Holding Grp., Inc.*, 348 S.W.3d 538, 540 (Tex. App.—Dallas 2011, orig. proceeding). Arbitration and forum-selection clauses should be enforced, even if they are part of an agreement alleged to have been fraudulently induced, as long as the specific clauses were not themselves the product of fraud or coercion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 134 (Tex. 2004). As the trial judge did not make findings of fact or conclusions of law, we infer that the trial court made all fact findings that have support in the record and are necessary to uphold the ruling. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007).

Among the "General Representations and Warranties of the Seller" in the SPA was the following provision:

> 7.6 <u>Proper and valid organization</u>. The Company is an exempted Company that is duly organized and validly existing under the applicable laws of Bermuda and was properly constituted. It has its actual centre of administration at its registered office; it has all requisite corporate power and authority under applicable laws to carry on the business presently conducted by it. The Company has at all times acted in all material respects in accordance with its respective articles of association. All facts relating to the Company to be registered under Bermudian law are accurately registered.

Thus, the contract signed by the parties is at least some evidence that Blockchain "validly exist[ed]" under Bermuda law at the time it was executed in February 2019.

To counter this evidence, appellant attached to its response to appellees' motion to dismiss a letter under the letterhead of the "Government of Bermuda,

Ministry of Finance, Registrar of Companies" dated October 22, 2019. The letter stated that, "[I]n response to your query dated October 21, 2019, we can confirm that Rewards Blockchain Holdings is not a company that appears on our register." We infer the trial court found that, even assuming the letter was the official document it purported to be, the letter was no evidence of whether "Rewards Blockchain Holdings" was *ever* required to appear on the "register" mentioned in the letter or whether "Rewards Blockchain Holdings" *did* appear on the "register" on a date prior to October 22, 2019. *See Moki Mac*, 221 S.W.3d at 574. Based on this record, we conclude the trial court did not abuse its discretion in rejecting appellant's argument that Blockchain did not exist. *See In re Int'l Profit Assocs.*, 274 S.W.3d at 675; *Moki Mac*, 221 S.W.3d at 574.

In a related argument, appellant asserts that the underlying contract as a whole was the result of fraud because appellees induced appellant to pay $200,000 for shares of a company that did not exist. We have already concluded the evidence is insufficient to support appellant's position on this issue, and we need not address it further.

Appellant further stresses that the forum-selection clauses were themselves the product of fraud in that Rowan falsely represented that Bermuda laws concerning cryptocurrency were clear, and Bermuda was therefore a favorable forum for resolving cryptocurrency disputes. In support of this position, appellant relies on the affidavit of its managing member, Edward Sigmond, which states in part:

7. Although I was concerned about the forum for disputes being designated as Bermuda, I relied on her explanation that entity "Rewards Blockchain Holdings" was a current, existing corporation, incorporated in Bermuda with an existing office location and address as well as her explanation that Bermuda law regarding crypto-currencies and Bermuda as the most favorable venue for any legal disputes or actions was essential for conducting business in the crypto-currency industry. This representation is untrue. Attached is a certification from the Bermuda Registrar of Companies responding to a request from my attorney. Exhibit No. "A".

8. Had I known that these representations were false, and particularly that no such corporation had been formed or existed in Bermuda, SHS would not have agreed to sign any agreement with Rowan and/or Butcher that contained a mandatory arbitration in Bermuda before a panel of three arbitrators; in fact, we would have signed no agreement at all and certainly would not have paid them $200,000.

In making its argument, appellant asserts it would not have agreed to the selection of Bermuda as the appropriate forum to resolve disputes had Butcher not falsely represented that (1) Blockchain already existed as a Bermuda corporation and (2) there were compelling legal and practical reasons for making Bermuda the chosen forum in which to resolve disputes.

Clearly, appellant attempted to make the necessary showing that the specific forum-selection clauses at issue were themselves the product of fraud or coercion. *See In re Prudential*, 148 S.W.3d at 134. However, appellant presented no evidence concerning the actual nature of Bermuda law relating to cryptocurrencies. Sigmond's affidavit stated "these representations were false" without providing any basis for his statement. In the absence of findings of fact or conclusions of law, we infer that the trial court made all fact findings that have support in the record and are

necessary to uphold the ruling. *Moki Mac*, 221 S.W.3d at 574. Accordingly, we conclude the trial court did not abuse its discretion in rejecting appellant's argument that the forum selection and arbitration clauses were themselves induced by fraud. *See In re Int'l Profit Assocs.*, 274 S.W.3d at 675; *In re Prudential*, 148 S.W.3d at 134.

Therefore, we conclude the trial court did not err in granting appellees' motions to dismiss. *See Chandler Mgmt.*, 452 S.W.3d at 891. We overrule appellant's first and second issues.

We affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

200217F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

SHS HOLDINGS, LLC, Appellant

No. 05-20-00217-CV     V.

TODD GLENN ROWAN AND
LINDA ANN BUTCHER.,
Appellees

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-11006.
Opinion delivered by Justice Smith.
Justices Schenck and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees TODD GLENN ROWAN AND LINDA ANN BUTCHER. recover their costs of this appeal from appellant SHS HOLDINGS, LLC.

Judgment entered March 3, 2021.