### In re FC STONE, LLC and Gene Sikora, Relators.

#### No. 05–11–01037–CV.

Court of Appeals of Texas, Dallas.

Aug. 30, 2011.

Paul Brian Lackey, Michael P. Aigen, Kristen A. Miller Reinsch, Lackey Hershman, LLP, Dallas, TX, for Relators.

Dana Bonik, Addison, TX, Jeffrey Feinglas, Sammamish, WA, Larry Lawrence, Tesuque, NM, Stace Lawrence Williams, Lubbock, TX, for Real Parties in Interest.

Before Chief Justice WRIGHT and Justices MOSELEY and FILLMORE.

## OPINION

Opinion by Justice FILLMORE.

Relators FC Stone, LLC ("Stone") and Gene Sikora filed this mandamus proceeding after the trial court denied their motion to dismiss real party in interest Stace

Williams's claims based on a forum-selection clause in an agreement between Stone and Williams. We conclude the trial court abused its discretion in refusing to enforce the forum-selection clause and relators have no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

Stone provides execution and clearing services for customers who wish to place orders on registered futures exchanges, and maintains its principal place of business in Chicago, Illinois. Sikora is a resident of Illinois and is employed by Stone in Chicago as its Vice President, FD Sales. In 2003, Williams and Stone entered into an account agreement through which Williams established a Managed Futures Account with Stone. Williams gave Dana Bonik, a defendant in the case below, full power of attorney to execute trades on Williams's account with Stone. The account agreement Williams signed to establish the Managed Futures Account with Stone provides:

> Customer hereby expressly acknowledges that this Agreement is made in the State of Illinois ... and further, that by virtue of trading commodity futures or options in the account established hereby, Customer is transacting business in the State of Illinois; accordingly, Customer hereby submits and consents to jurisdiction of his person in the Courts of the State of Illinois.... This agreement's validity, construction and enforcement shall be governed by the laws of the State of Illinois. Customer hereby submits to the exclusive jurisdiction of such courts, and expressly waives the right to the adjudication or enforcement of such controversies by any court

or any other tribunal sitting in any other jurisdiction....

> ....

> CUSTOMER AGREES THAT ANY CONTROVERSY BETWEEN BROKER AND CUSTOMER ARISING OUT OF THIS AGREEMENT, REGARDLESS OF THE MANNER OF RESOLUTION, SHALL BE ARBITRATED, LITIGATED (TRIED IN A COURT OF LAW), OR OTHERWISE RESOLVED BY A TRIBUNAL LOCATED IN CHICAGO, ILLINOIS.

Despite the express language of this agreement, Williams and another plaintiff [1] filed suit against Stone, Sikora, Bonik, and others in the 134th Judicial District Court of Dallas County, alleging that Bonik made negligent and grossly negligent trades and that all defendants were in breach of contract and had committed deceptive trade practices act violations. The petition did not mention the account agreement signed by Williams.

Based on the forum-selection clause in the account agreement, defendants Stone and Sikora moved to dismiss Williams's claims against them. Williams opposed the motion, arguing that the account agreement was not enforceable due to fraud in the inducement. Williams also argued that it would be unduly burdensome for him to litigate his claims against Stone and Sikora in Illinois because the causes of action against them were intertwined with the claims against the other defendants, who might not be subject to the jurisdiction of the Illinois courts.

On July 26, 2011, the trial court denied Stone and Sikora's "Second Amended Motion to Compel Arbitration and Plea in Abatement/Motion to Stay, or in the Alter-

---

1. Relators' motion to compel arbitration and plea in abatement/motion to stay or, in the alternative, motion to dismiss, was granted with respect to the other plaintiff, Jeffrey Fe-

inglas; he is not a party to this original proceeding. Relators make no argument in this Court that Williams's claims are subject to an arbitration agreement.

native, Motion to Dismiss" as to Williams. On August 9, 2011, Stone and Sikora filed this original proceeding, alleging the trial court abused its discretion in denying the motion and they have no adequate remedy at law. We agree with relators and conditionally grant the petition.[2]

 "Forum-selection clauses are generally enforceable and presumptively valid." *In re Cornerstone Healthcare Holding Grp., Inc.*, 348 S.W.3d 538, 540 (Tex.App.-Dallas 2011, orig. proceeding) (citing *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex.2010) (orig. proceeding)). Moreover, a trial court's refusal to enforce a valid forum-selection clause is properly addressed by mandamus, because a relator has no adequate remedy by appeal in this situation. *See In re AIU Ins. Co.*, 148 S.W.3d 109, 117 (Tex.2004) (orig. proceeding). If the trial court abused its discretion in denying the motion to dismiss, mandamus relief is appropriate. *Cornerstone*, 348 S.W.3d at 540.

 Williams does not deny that he signed the agreement containing the forum-selection clause. Nor does he dispute that the forum-selection clause, on its face, requires his lawsuit to be brought in Chicago, Illinois, and not in Dallas, Texas. Instead, Williams argued below that: (1) the forum-selection clause could not be enforced because the account agreement was procured by fraud on the part of relators, and (2) it would be unfair to enforce the forum-selection clause because this case involves other defendants whose wrongdoing is "intertwined" with that of relators, and those defendants may not be subject to the jurisdiction of the Illinois courts.

Williams claims that he was induced to sign the account agreement by Stone and Sikora's fraud. According to Williams, Bonik was required to register with regulatory authorities as a "commodity trading advisor" or a "commodity pool operator" and Stone and Sikora knew of this requirement, but they affirmatively represented that Bonik was not required to register. Williams also claims that Stone and Sikora knew of Bonik's prior criminal history and failed to reveal it, and that he would not have entered into the account agreement if he had known of Bonik's criminal record.

 Williams has failed to point to any evidence in the record demonstrating these alleged fraudulent representations or omissions. Even if he had done so, such allegations are insufficient to avoid enforcement of the forum-selection clause. "[F]raudulent inducement to sign an agreement containing a dispute resolution agreement such as an arbitration clause or forum-selection clause will not bar enforcement of the clause unless the specific clause was the product of fraud or coercion." *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 232 (Tex.2008) (orig. proceeding); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 134 (Tex.2004) (orig. proceeding) (any provision relating to resolution of future disputes, included as part of a larger agreement, would rarely be enforced if the provision could be avoided by a general allegation of fraud directed at entire agreement). Because Williams did not allege fraud in the inducement of the forum-selection clause in the trial court, that court could not have properly refused enforcement of the forum-selection clause on the ground of fraud.

---

**2.** This Court requested that Williams file a response to the petition for writ of mandamus by August 17, 2011. *See* TEX.R.APP. P. 52.4 (court must not grant relief before response has been filed or requested). Williams re-

quested, and received, a one week extension to this deadline. However, he ultimately declined to file a "formal response," directing this Court's attention to arguments he made in the trial court.

■ Williams also claims that the forum-selection clause should not be enforced because his case involves multiple defendants with claims that are "so intertwined" that Williams would be forced to sue them all in Illinois. We are aware of no law, and Williams did not cite any below, suggesting that a forum-selection clause may be rendered unenforceable by the presence of parties to the lawsuit who are not independently subject to the clause. Williams also claims that some of the defendants might not be subject to the jurisdiction of the Illinois courts, forcing him to maintain two independent lawsuits. Again, this argument presents an insufficient basis upon which to avoid enforcement of the clause.

■ Forum-selection clauses can be avoided if the chosen forum is so inconvenient that enforcing the clause would produce an unjust result. *Lyon,* 257 S.W.3d at 233. However, the fact that Williams might have to pursue two lawsuits—one in Illinois and one in Texas-does not meet the standard for avoiding the forum-selection provision. *See In re Int'l Profit Assocs., Inc.,* 274 S.W.3d 672, 680 (Tex.2009) (orig. proceeding). Inconvenience would only serve to bar enforcement of the clause if Williams proved special and unusual circumstances such that enforcement of the clause would, for all practical purposes, deprive Williams of his day in court. *See id.* Williams has not met that burden in this case. Litigation over contractual business obligations often involves parties in addition to the principals to the contract.

If all it takes to avoid a forum-selection clause is to join as defendants local residents who are not parties to the agreement, then forum-selection clauses will be of little value. *See id.* Further, the Texas Supreme Court has recently noted that "[b]y entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons." *Lyon,* 257 S.W.3d at 234. Thus, it would have been improper for the trial court to refuse to enforce the forum-selection clause on the basis of inconvenience.

Because Williams's arguments are without merit, it was an abuse of discretion for the trial court to refuse to enforce the forum-selection clause by denying the motion to dismiss. Since relators have no adequate remedy at law to address this abuse of discretion, we conditionally grant their petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate the portion of its July 26, 2011 order denying relators' motion to dismiss Williams's claims and to render an order dismissing Williams's claims.