

NUMBER 13-11-00145-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE EMEX HOLDINGS L.L.C.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION ON RECONSIDERATION

**Before the Court En Banc[1]**
**Memorandum Opinion on Reconsideration by Justice Garza**

Relator, Emex Holdings L.L.C. ("Emex"), filed a petition for writ of mandamus seeking to compel the trial court to enforce a forum-selection clause in a joint venture agreement among investors in a casino in Mexico. A majority of a panel of this Court

---

[1] "An en banc court consists of all members of the court who are not disqualified or recused and—if the case was originally argued before or decided by a panel—any members of the panel who are not members of the court but remain eligible for assignment to the court." TEX. R. APP. P. 41.2(a). The Honorable Rose Vela, former Justice of this Court, was a member of the panel at the time this cause was initially submitted for decision. However, Justice Vela did not participate in this opinion because her term of office expired on December 31, 2012 and she is not eligible for assignment to the Court. *See id.*; *see* TEX. GOV'T CODE ANN. § 74.003(b) (West 2005).

conditionally granted relief in a memorandum opinion issued on June 21, 2012. *In re Emex Holdings, L.L.C.*, No. 13-11-00145-CV, 2012 Tex. App. LEXIS 4998 (Tex. App.—Corpus Christi June 21, 2012, orig. proceeding) (mem. op.). Real parties in interest, Antonio and Alfredo Naim, filed a motion for rehearing and for reconsideration en banc. The motion for rehearing was denied by a majority of justices that participated in the original decision. *See* TEX. R. APP. P. 49.3. However, a majority of the Court en banc hereby grants the motion for en banc reconsideration. *See* TEX. R. APP. P. 49.7. We therefore withdraw the opinion previously issued by this Court and substitute the following opinion in its place, in which we will conditionally grant mandamus relief.

## I. BACKGROUND

This original proceeding arises from a dispute among investors in a casino in Mexico City.[2] The Naims entered into a "Joint Venture Agreement" with Entretenimiento de Mexico S.A. de C.V. ("Entretenimiento") on October 25, 2006 regarding the construction and operation of a casino. Arturo Rojas Cardona ("Rojas") signed the agreement as a legal representative of Entretenimiento.

Under the Joint Venture Agreement, the Naims contributed a plot of land and agreed to pay for and supervise the construction of the shell of the casino itself. Entretenimiento agreed to contribute gaming permits and equipment and to construct the interior of the casino. The Joint Venture Agreement provided that the parties would form a new entity to own the finished casino and the land and the Naims would own 33.4 percent of that entity and Entretenimiento would own the remaining 66.6 percent.

---

[2] This Court previously considered an appeal arising from these same proceedings. *See Emex Holdings, LLC v. Naim*, No. 13-09-00591-CV, 2010 Tex. App. LEXIS 4010, at **1–2 (Tex. App.—Corpus Christi May 27, 2010, no pet.) (mem. op.) (holding that an order granting an injunction was void where it did not contain a trial date).

2

The Joint Venture Agreement, as translated, contains a forum-selection clause which provides:

> **SEVENTEEN.** The parties agree that for the construction and compliance herewith, they expressly submit themselves to the Jurisdiction and Competence of the Common Affairs Laws and Courts seated in Mexico, waiving to any other that may correspond to them due to their present or future domiciles.

On May 30, 2007, the parties to the Joint Venture Agreement entered into an "Amendment to the Joint Venture Agreement." The Amendment ratified the Joint Venture Agreement but modified some of its terms. According to the Amendment, the parties acknowledged that title to the land for the casino was indirectly held by the Naims "as they are equal owners of Garden Group L.P. ["Garden Group"] . . . [which] appears as the owner of the premises in the corresponding notarial deeds." Instead of transferring title to a new entity to own the finished casino and the land, the amendment provided that the Naims would transfer 66.6 percent of the ownership interest in Garden Group to one of Entretenimiento's related companies, Emex, and Emex was to hold that interest in escrow until the Naims' investment was fully paid. The Amendment further provided for the transfer of a 33.4 percent interest in a casino operating company to the Naims. Under the Amendment, Emex agreed to execute a Pledge Agreement whereby it would pledge its 66.6 percent interest in Garden Group in favor of the Naims to guarantee that the Naims would recover their investment in the amount of $7,250,000.[3] The Pledge Agreement provided that the share certificates of Garden Group would be held as security by the law firm of Torres, Cantu & Aliseda, P.C. as the trustee and escrow agent for the 66.6 partnership interest held by Emex, but pledged to the beneficial interest of the Naims, pending payment to the Naims of $7,250,000.

---

[3] The record evidence regarding the actual amount of this investment varies.

3

Rojas executed the Amendment as legal representative for both Entretenimiento and Emex. The Amendment expressly states that the "parties acknowledge the existence of a contractual relation unifying them and they ratify the commitments contracted in the [Joint Venture Agreement] previously executed. . . ." The Amendment expressly cancels or modifies various enumerated provisions of the Joint Venture Agreement; however, it does not amend or otherwise reference paragraph seventeen of the Joint Venture Agreement containing the forum-selection clause. The Amendment specifically provides that "[t]he parties agree and acknowledge that all other clauses of the 'AGREEMENT' not breaching the provisions herein shall remain in force until completion hereof."

After execution of the Amendment, but that same day, the Naims held a partnership meeting of Garden Group. At that meeting, the Naims transferred a 66.6 percent interest in Garden Group to Emex, as contemplated by the Amendment, and also transferred a five percent interest in Garden Group to Sergio Seade Kuri ("Seade") and a 2.5 percent interest in Garden Group to Elias Adam Kuri ("Adam"). The Naims and Emex also executed the "Pledge Agreement" as contemplated by the Amendment. At this time, the general partner of Garden Group was Gargroup L.L.C., an entity controlled by the Naims.

On October 17, 2008, the Naims brought suit against Emex in the 332nd District Court of Hidalgo County, Texas. On November 12, 2008, Emex filed its answer to the lawsuit in Hidalgo County including therein a motion to dismiss based on the forum-selection clause in the Joint Venture Agreement.

4

On November 26, 2008, a majority interest of the partnership of Garden Group voted to substitute Barraka L.L.C. ("Barraka") as the general partner. The Naims contested this action, contending that it was void ab initio because the ownership interests in Garden Group that they conveyed to Emex and the others did not include voting rights or the right to receive income or enjoy other benefits of ownership.

When the trial court signed the order at issue in this original proceeding denying Emex's motion to dismiss, the Naims' live pleading was their Sixth Amended Original Petition. In that pleading, the Naims brought claims against Emex, Barraka, Rojas, Seade, Adam, and Torres, Cantu & Aliseda, P.C. The pleading requests declaratory and injunctive relief and damages for breach of fiduciary duty, violations of the Texas Deceptive Trade Practices Act, fraud, negligent misrepresentation, breach of contract, and defamation. The Naims sought to impose liability among the defendants through allegations of conspiracy, concert of action, agency, and respondeat superior. According to the allegations in the lawsuit, Emex, Barraka, Rojas, Seade, and Adam conspired to obtain and exercise control of Garden Group without compensation to the Naims, and never intended to pay the Naims casino revenues or rent or give them ownership in the company that would operate the casino. The Naims further alleged that, by fraud or mistake, Adam caused the omission of terms from the Agreement, such as terms providing for the return of Emex's interest in Garden Group and another term which would have made Texas law apply to the parties' transactions and would have allowed suit in Texas courts.

On January 28, 2009, the Naims filed suit against Entretenimiento, Emex, Rojas, Seade, Adam, and Jesus Hector Gutierrez Cortes in Mexico. By decision published on

July 2, 2010, a Mexican court rendered judgment in that cause. The parties to this proceeding dispute the effect and scope of that decision.

The Hidalgo County trial court held several different hearings which directly or indirectly involved the motion to dismiss. The trial court considered testimony from, inter alia, hearings held on November 26, 2008, October 21, 2009, August 3, 2010, August 26, 2010, and September 27, 2010. The Naims contended that the trial court should not dismiss the case because the forum-selection clause in the Joint Venture Agreement did not apply to the Amendment or the Pledge Agreement. The Naims further contended that Adam committed fraud in inducing them to sign the Amendment because they had instructed Adam to apply United States and Texas law in the Amendment and he did not; and, at that time, Adam was representing all sides of the deal, thereby committing fraud by nondisclosure and breaching his fiduciary duty to them.

By written order signed on January 12, 2011, the trial court denied Emex's motion to dismiss. The order states, in pertinent part:

> The Court finds that the clause in question in the Joint Venture Agreement between the Plaintiffs Naim and the non-party Entretenimiento de Mexico S.A. de C.V. . . . does not apply to the causes of action alleged by Plaintiffs against Emex, does not apply to the causes of action alleged against Defendants, Barraka, Rojas, Adam, or Seade, does not apply to the declaratory judgment and other causes of action alleged related to the Garden Group, LP, and does not apply to the causes of action related to the Pledge Agreement of May 30, 2007 . . . which was signed in Texas, to be performed in Texas, and which does not include or adopt a forum-selection clause from any other agreement. The Court further finds that exceptions have been clearly plead and proven which render the application of the clause to the [Amendment] . . . to be invalid because of fraud, overreaching, or breach of fiduciary duty, because enforcement would be unreasonable, inequitable and unjust, because to enforce it would contravene strong public policy in Texas, and because to prosecute the subject causes of action in Mexico would be impossible or so gravely

6

difficult and inconvenient that, for all practical purposes, the Plaintiffs would be deprived of [their] day in court.

This original proceeding ensued. By three issues, with multiple sub-issues, Emex contends that the trial court abused its discretion by: (1) refusing to enforce the forum-selection clause; (2) determining that the forum-selection clause did not apply to the causes of action in the Naims' suit; and (3) determining that the Naims had proven their affirmative defenses to enforcement of the forum-selection clause, including, inter alia, that enforcement of the clause would be unreasonable or unjust or would contravene a strong public policy, that the clause is invalid for reasons of fraud or overreaching, and that the selected forum would be seriously inconvenient for trial.

This Court requested and received a response to the petition for writ of mandamus from the Naims. The Naims assert all arguments made to the trial court in avoidance of the forum-selection clause and further assert that recent changes in the procedural posture of the case merit remanding this issue to the trial court for consideration of new events. Emex filed a reply in support of its petition for writ of mandamus, and the Naims filed a sur-reply.

## II. STANDARD OF REVIEW

Mandamus relief is available when a trial court clearly abuses its discretion and a remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The Texas Supreme Court has repeatedly held that mandamus relief is available to enforce a forum-selection clause in a contract. *See, e.g., In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding); *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam); *In re ADM Investor Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) (orig.

7

proceeding); *In re Int'l Profit Assocs.*, 286 S.W.3d 921, 922 (Tex. 2009) (orig. proceeding) (per curiam); *In re Int'l Profit Assocs.,* 274 S.W.3d 672, 674 (Tex. 2009) (orig. proceeding) (per curiam); *In re AutoNation, Inc.*, 228 S.W.3d 663, 665 (Tex. 2007) (orig. proceeding); *In re AIU Ins. Co.*, 148 S.W.3d 109, 115–19 (Tex. 2004) (orig. proceeding).

A trial court abuses its discretion when it fails to properly interpret or apply a forum-selection clause. *In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883; *In re Laibe Corp.*, 307 S.W.3d at 316. Further, an appellate remedy is inadequate when a trial court improperly refuses to enforce a forum-selection clause because allowing the trial to go forward will "vitiate and render illusory the subject matter of an appeal," that is, trial in the proper forum. *In re AIU Ins. Co.*, 148 S.W.3d at 115 (quoting *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d at 269, 272 (Tex. 1992)); *accord In re Laibe Corp.*, 307 S.W.3d at 316.

## III. ANALYSIS

In general, forum-selection clauses should be given full effect, and subjecting a party to trial in a forum other than the contractually chosen one amounts to "clear harassment" and injects inefficiency in the judicial process by "enabling forum-shopping, wasting judicial resources, delaying adjudication on the merits, and skewing settlement dynamics." *In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883 (quoting *In re AIU Ins. Co.*, 148 S.W.3d at 117). Accordingly, forum-selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re Int'l Profit Assocs.*, 274 S.W.3d at 675, 680. The Texas Supreme Court has recognized that there may be "extreme circumstances" that prevent the enforcement of forum-selection clauses—e.g.,

8

when enforcement would be unreasonable or unjust or seriously inconvenient—but it has not "established a bright-line test for avoiding enforcement of forum-selection clauses." *In re ADM Investor Servs.*, 304 S.W.3d at 376 (following *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)).

A trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement clearly shows: (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375. The burden of proof is heavy for the party challenging enforcement. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375.

## A.    Applicability

Emex contends that the forum-selection clause applies to the Naims' claims as pleaded in their Sixth Amended Original Petition. In contrast, the Naims contend that the forum-selection clause is narrowly drafted to apply only to the "construction" of and "compliance" with the Joint Venture Agreement and does not apply to their claims as pleaded, which involve other transactional documents between the parties, including the Pledge Agreement, the Limited Partnership Agreement of Garden Group, and minutes of the partnership meeting from May 30, 2007. In reply, Emex asserts that the Naims cannot isolate these transactional documents and have them construed and applied without reference to the Joint Venture Agreement.

In determining whether a forum-selection clause applies to a particular case, we consider the language in the agreement and determine whether the substance of the plaintiff's claims falls within the scope of the forum-selection clause. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 677; *see also Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 687 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *In re Ebay, Inc.*, No. 09-10-00265-CV, 2010 Tex. App. LEXIS 5340, at *4 (Tex. App.—Beaumont July 8, 2010, orig. proceeding) (mem. op.) (per curiam). We engage in a "common-sense examination of the claims and the forum-selection clause to determine if the clause covers the claims." *In re Int'l Profit Assocs.*, 274 S.W.3d at 677; *see In re Lisa Laser USA, Inc.*, 310 S.W.3d at 884; *In re Laibe Corp.*, 307 S.W.3d at 316.

As stated previously, the Joint Venture Agreement contains a forum-selection clause which specifically applies to the "construction and compliance herewith." The Amendment introduces Emex into the transaction and expressly provides that the "intervention" by Emex in the Joint Venture Agreement is "specified" in the Amendment. The Amendment expressly modifies various enumerated provisions of the Joint Venture Agreement, but does not alter the forum-selection paragraph. The Amendment states that the "parties acknowledge the existence of a contractual relation unifying them and they ratify the commitments contracted in the agreement previously executed . . . ." The Amendment further provides that "[t]he parties agree and acknowledge that all other clauses of the [Joint Venture Agreement] not breaching the provisions herein shall remain in force until completion hereof." The Amendment further specifically requires the creation of the Pledge Agreement, directs the purpose of the Pledge Agreement,

10

and delineates the required terms of the Pledge Agreement. The Amendment also delineates the structure and ownership of Garden Group. The Amendment and the Pledge Agreement were negotiated by the parties during the course of one day and were executed the following day, along with the meeting of Garden Group which executed the agreed-upon provisions of these documents.

"[A] contract can consist of more than one document." *In re Laibe Corp.*, 307 S.W.3d at 317. Documents pertaining to the same transaction may be read together even if they are executed at different times and do not reference each other. *See id.* (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 832, 840, (Tex. 2000)). Courts may construe all the documents as if they were part of a single, unified contract. *See id.*

Here, the Joint Venture Agreement, the Amendment, the Pledge Agreement, and the other documents specified by the Naims pertain to the same overall transaction— that is, the construction, financing, and ownership of a casino. The documents are self-referential and are parts of a unified transaction. Had the parties intended to nullify or limit the existing forum-selection clause, they could have modified paragraph seventeen just as they did with many of the other enumerated paragraphs in the Joint Venture Agreement. Moreover, the Naims would have no basis for the complaints made in their Sixth Amended Original Petition but for the Joint Venture Agreement and the Amendment thereto. Accordingly, the claims brought by the Naims in their Sixth Amended Original Petition fall under the scope of the forum-selection clause.

The Naims further allege that the forum-selection clause does not apply to the six defendants in the Texas case who were not signatories to the Joint Venture

11

Agreement—Emex, Barraka, Rojas, Seade, Adam, and Torres, Cantu & Aliseda, P.C.—and they further contend that the presence of non-signatories precludes enforcement of the forum selection clause. We note, however, that Emex and Rojas were both signatories to the Amendment. With regard to Seade, Adam, and the law firm, the Texas Supreme Court has rejected the notion that a forum-selection clause can be defeated by the presence of non-signatories to the agreement. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 680 ("If all it takes to avoid a forum-selection clause is to join as defendants local residents who are not parties to the agreement, then forum-selection clauses will be of little value."); *In re FC Stone, LLC*, 348 S.W.3d 548, 552 (Tex. App.—Dallas 2011, no pet.). Moreover, the fact that the challenger might have to pursue two lawsuits—one in Mexico and one in Texas—does not meet the standard for avoiding the forum-selection provision. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 680; *In re FC Stone, LLC*, 348 S.W.3d at 552.[4]

Finally, we note that the Naims contended at the trial court that the forum-selection clause was not sufficiently specific to be enforced. While forum-selection clauses may be ambiguous, the clause at issue is specific in its terms insofar as it applies to the "construction" of and "compliance" with the Joint Venture Agreement and selects the courts of Mexico as its chosen forum. *See Sw. Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 325 (Tex. App.—Austin 1999, pet. denied) (discussing potential ambiguities in a forum-selection clause).

---

[4] We note that under the theory of equitable estoppel, a non-signatory defendant can invoke a forum-selection clause if the signatory plaintiff "has sued signatory and non-signatory defendants based on substantially interdependent and concerted misconduct by all defendants." *See Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 622 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *accord Deep Water Slender Wells, Ltd.*, 234 S.W.3d at 694.

We conclude that the claims brought by the Naims as pleaded in their Sixth Amended Original Petition fall under the scope of the forum-selection clause. Accordingly, we now turn our attention to the Naims's affirmative defenses to the forum-selection clause.

**B.      Invalid For Reasons of Fraud or Overreaching**

A trial court does not abuse its discretion in refusing to enforce a forum-selection clause if the party opposing enforcement clearly shows that the clause is invalid for reasons of fraud or overreaching.  *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375.  Fraudulent inducement to sign an agreement containing a forum-selection clause will not bar enforcement of the clause unless the specific clause was the product of fraud or coercion.  *See In re Lyon Fin. Servs.,* 257 S.W.3d 228, 232 (Tex. 2008) (orig. proceeding); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 134 (stating that any provision relating to resolution of future disputes, included as part of a larger agreement, would rarely be enforced if the provision could be avoided by a general allegation of fraud directed at entire agreement).  In other words, the fraud or overreaching in question must involve the negotiation of the forum-selection clause itself.  *Young v. Valt X Holdings, Inc.*, 336 S.W.3d 258, 266–267 (Tex. App.—Austin 2010, pet. dism'd); *see Clark v. Power Mktg. Direct, Inc.*, 192 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that a broadly drafted forum-selection clause encompassed claim of fraud in the inducement).

The Naims argue that the forum-selection clause is invalid for reasons of fraud or overreaching.  Specifically, the Naims contend that they had specifically instructed their

attorney, Adam, that they wanted United States and Texas law to apply to the Amendment and they wanted the Amendment to delete the forum selection clause found in the Joint Venture Agreement. The Naims further allege that when Adam was purportedly acting as their attorney in this transaction, Adam was secretly representing interests adverse to them—specifically, the opposing interests of Rojas and his brothers, who were the principals in Emex and Entretenimiento. According to the Naims, Adam instructed Luis Cantu and Arturo Tito Torres, who are partners in Torres Cantu & Aliseda, P.C., how to draft the Amendment and the Pledge Agreement. Thus, the Naims assert the forum-selection agreement was procured by mistake or fraud.

There are a number of reasons why we disagree with these contentions. First, the alleged fraud pertains not to the forum selection clause in the Joint Venture Agreement, but instead to the Amendment insofar as the Naims allege that they had instructed Adam to eliminate the forum selection requirement in the Amendment. The Naims do not contend that the original forum selection clause was procured by fraud. Because the Naims did not allege fraud in the inducement of the forum-selection clause in the trial court, or fraud specific to the forum selection clause itself, the trial court could not have properly refused enforcement of the forum-selection clause on grounds of fraud. *See In re FC Stone, LLC*, 348 S.W.3d at 551; *Young*, 336 S.W.3d at 266–67; *cf. In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 134 (enforcing jury-waiver and arbitration clauses and stating that "[a]ny provision relating to the resolution of future disputes, included as part of a larger agreement, would rarely be enforced if the provision could be avoided by a general allegation of fraud directed at the entire agreement").

14

Second, even if we were to assume that fraud with regard to changing the forum selection clause in the Amendment rather than the Joint Venture Agreement obviated the forum selection clause, we note that Alfredo Naim testified that he read the Joint Venture Agreement before he signed it, but did not read the forum selection clause contained therein. Alfredo further testified that he did not read the Amendment before he signed it because he had instructed Adam to change the forum selection clause and he trusted Adam, as his attorney, to do so.[5]

A party who signs a document is presumed to know its contents. *See In re Int'l Profit Assocs.*, 286 S.W.3d at 922; *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (orig. proceeding) (per curiam); *Town N. Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 492 (Tex. 1978); *Estes v. Republic Nat'l Bank*, 462 S.W.2d 273, 276 (Tex. 1970); *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). Parties to a contract are obligated to protect themselves by reading what they sign and, absent evidence of fraud or

---

[5] There is conflicting evidence in the record regarding whether or not Adam represented the Naims in these transactions as their attorney and there is also conflicting evidence regarding who drafted the Amendment. Alfredo Naim testified that Adam represented the Naims in these transactions, but was secretly representing Rojas as part of a conspiracy to defraud the Naims from their investment in the casino. Cantu testified that the Naims introduced Adam to him as their attorney and Adam did not deny it. Adam, in contrast, testified that he never represented the Naims personally in any transaction, and was involved in the casino transaction because he received a percentage of the venture from the Naims as compensation for outstanding legal bills incurred by the Naims' companies. Torres testified that neither he nor Cantu were familiar with the contents of the Joint Venture Agreement. Torres testified that Cantu drafted the Amendment, then, inconsistently, that Adam drafted the Amendment. Adam testified that Cantu drafted the Amendment. Cantu testified that Adam provided him with the information that was to go into the Amendment, and that he knew that the Naims wanted Texas law to apply to the Amendment, but that he nevertheless did not include that in the Amendment. Cantu further conceded that he drafted some of the terms of the Amendment, specifically those pertaining to the liability of the firm as an escrow agent, the clause providing that all other provisions of the Joint Venture Agreement not in conflict with the Amendment were to remain in effect, and the clause excluding fraud or bad faith in the execution of the Amendment.

Where there are disputed areas of fact, mandamus relief is not appropriate. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding). However, the areas of factual conflict noted do not preclude mandamus relief in this case because resolution of the disputed facts is not necessary to determine the legal issues presented herein.

overreaching, cannot be excused from the consequences of the failure to read the contract. *See In re Int'l Profit Assocs.*, 286 S.W.3d at 922 ("Parties who sign contracts bear the responsibility of reading the documents they sign."). Courts have consistently held that a party "must exercise reasonable diligence for the protection of his or her own interests, and a failure to do so is not excused by mere confidence in the honesty and integrity of the other party." *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 795 (Tex. App.— Houston [14th Dist.] 2007, pet. denied); *see In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex. 2007) (orig. proceeding) (per curiam) ("Like any other contract clause, a party cannot avoid an arbitration clause by simply failing to read it."). Accordingly, the Naims are charged with knowledge of the forum selection clause and the contents of the Amendment. *See In re Int'l Profit Assocs.*, 286 S.W.3d at 922; *Barnett v. Network Solutions, Inc.*, 38 S.W.3d 200, 204 (Tex. App.—Eastland 2001, pet. denied) (applying this rule in the context of a forum-selection clause).

Finally, we note that the Amendment itself provides that "[t]he parties set out that in the execution of this Agreement there was no fraud, bad faith, injury or any other cause of nullity established by the Law." Based on the foregoing, we conclude that the Naims did not clearly show that the forum selection clause was the product of fraud or overreaching, and thus the trial court could not have properly refused to enforce the clause on these grounds.

## C. Enforcement Would Contravene a Strong Public Policy

A trial court does not abuse its discretion in refusing to enforce a forum-selection clause if the party opposing enforcement clearly shows enforcement would contravene a strong public policy of the forum where the suit was brought. *In re Laibe Corp.*, 307

16

S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375. The Naims assert that the statutes and case law of the State of Texas provide a strong public policy against requiring a Texas escrow trust agreement and/or security agreement to be enforced in Mexican courts, when the documents in question lack a forum-selection clause and all the transactions are to be accomplished in Texas, by Texas lawyers, relative to an ownership interest in a Texas limited partnership. However, the Naims have presented no persuasive authority for the proposition that the presence of an escrow trust agreement or security agreement invokes a strong public policy that would be contravened by enforcement of the forum-selection clause. In this regard, we note that the Texas Supreme Court has held that even where Texas statutory provisions specify the application of Texas law, those provisions are irrelevant to the enforceability of a forum-selection clause where no statute requires suit to be brought or maintained in Texas. *See In re AutoNation, Inc.*, 228 S.W.3d at 669; *In re AIU Ins. Co.*, 148 S.W.3d at 114*.*

We conclude that the Naims have not clearly shown enforcement would contravene a strong public policy of the forum where the suit was brought. *See In re Laibe Corp.*, 307 S.W.3d at 316.

**D.     Selected Forum Would Be Seriously Inconvenient for Trial**

A trial court does not abuse its discretion in refusing to enforce a forum-selection clause if the party opposing enforcement clearly shows that the selected forum would be seriously inconvenient for trial. *Id.*; *In re ADM Investor Servs.*, 304 S.W.3d at 375. The Texas Supreme Court has noted that "[b]y entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is

17

not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons." *Int'l Profit Assocs., Inc.*, 274 S.W.3d at 680; *see In re Lyon Fin. Servs*, 257 S.W.3d at 234; *see In re ADM Investor Servs.*, 304 S.W.3d at 375; *see also In re Ebay, Inc.*, 2010 Tex. App. LEXIS 5340, at *6.

When inconvenience in litigating in the chosen forum is foreseeable at the time of contracting, the challenger must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *In re ADM Investor Servs.*, 304 S.W.3d at 375; (quoting *M/S Bremen*, 407 U.S. at 18). Thus, forum-selection clauses can be avoided if the chosen forum is so inconvenient that enforcing the clause would produce an unjust result. *In re ADM Investor Servs.*, 304 S.W.3d at 375; *In re Lyon Fin. Servs.*, 257 S.W.3d at 233; *In re FC Stone, LLC*, 348 S.W.3d at 552. In this regard, the mere inconvenience to witnesses is not sufficient to overcome a forum-selection clause. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 679–80; *In re AIU Ins. Co.*, 148 S.W.3d at 113–14. Moreover, conclusory statements are insufficient to establish such inconvenience. *In re Laibe Corp.*, 307 S.W.3d at 318; *In re ADM Investor Servs.*, 304 S.W.3d at 375; *Lyon*, 257 S.W.3d at 234 ("If merely stating that financial and logistical difficulties will preclude litigation in another state suffices to avoid a forum-selection clause, the clauses are practically useless.").

In connection with this issue, the Naims have asserted that they are unable to assert some of their causes of action in Mexico and will be unable to obtain some of the legal remedies otherwise available in the United States. The Naims asserted in the trial court that, while their causes of action may have corollaries or similarities under

Mexican law, their specific legal theories are not the same and their remedies or damages would be significantly different such that they would be, for all practical purposes, deprived of their day in court. The Naims supported these allegations with an affidavit and testimony during a hearing from attorney Luis H. Cantu regarding some of the applicable distinctions in law, such as the lack of causes of action for fraud and breach of fiduciary duty in Mexico, and an affidavit from Antonio Naim regarding the underlying facts of the lawsuit and their inability to pursue some of the causes of action in Mexico. However, the Texas Supreme Court has held that the inability to assert a claim recognized by Texas law in another state does not create a reason to deny enforcement of a forum-selection clause. *See In re Lyon Fin. Servs*., 257 S.W.3d at 234; *see also Tau Kappa Epsilon v. USA Bus Charter, Inc.*, No. 03-10-00768-CV, 2011 Tex. App. LEXIS 5946, at *22 (Tex. App.—Austin July 28, 2011, orig. proceeding) (mem. op.). Accordingly, we conclude that the Naims have not clearly shown that litigating in Mexico would deprive them of their day in court so as to bar enforcement of the forum-selection clause.

**E.      Enforcement Would Be Unreasonable or Unjust**

A trial court does not abuse its discretion in refusing to enforce a forum-selection clause if the party opposing enforcement clearly shows that enforcement would be unreasonable or unjust. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375. The Naims contend that enforcement of the forum-selection clause would be unreasonable or unjust because, in light of the rulings made by the Mexican trial court in the related Mexican lawsuit, "it would be impossible to enforce the Texas Pledge Agreement in question in Mexico['s] courts and they would not have

19

jurisdiction over such [a] Texas security transaction related to a Texas limited Partnership interest." The Naims thus conclude that, if the forum selection clause were to be enforced, litigating those claims would be "impossible or so gravely difficult and inconvenient that it would be for all practical purposes deprived of its day in court." We have already found this argument to be without merit, and accordingly, need not address it again. *See* Tex. R. App. P. 47.1, 47.4.

### III. Conclusion

Because the forum-selection clause is applicable to the Naims' claims as pleaded in their Sixth Amended Original Petition, and no affirmative defense to enforcement has been established by the evidence, we conclude that the trial court abused its discretion by failing to enforce the clause.

In their motion for en banc reconsideration, the Naims argue that the trial court should be permitted to consider new evidence of changed circumstances in ultimately determining whether to enforce the forum-selection clause. We agree. In *Henderson v. Floyd*, 891 S.W.2d 252 (Tex. 1995) (orig. proceeding), the real party in interest, Reed, raised factual issues for the first time on appeal which, if proven correct, would have had ramifications on the outcome of the underlying motion. *See id.* at 254–55. The Texas Supreme Court concluded that Reed's contention[6] "should be addressed in the first instance by the district court" and noted that the trial court is not precluded "from considering changed circumstances which would cast relator's motion . . . in a different

---

[6] The precise substance of Reed's contention—that the relator waived his right to disqualify counsel by failing to move to stay the proceedings while the motion for rehearing was pending, 891 S.W.2d 252, 254 (Tex. 1995) (orig. proceeding)—is irrelevant here. The important fact is that Reed raised a factual issue that (1) arose too late to have been brought to the attention of the trial court and (2) which would have impacted the merits of the underlying motion.

20

light." *Id.* at 255. The *Henderson* Court therefore conditioned its granting of mandamus relief on the absence of such changed circumstances. *Id.*

Here, the Naims contend that the Mexican appellate court rendered a final judgment holding that rescission is unavailable—and that this judgment was announced after the trial court made the challenged ruling which denied enforcement of the forum selection clause. The Naims further contend that, as a result of the Mexican court's action, they amended their petition in the trial court to remove claims that involve the "construction of" or "compliance with" the Joint Venture Agreement, the Modification Agreement, or the Pledge Agreement. The amended pleadings, according to the Naims, do not invoke the forum selection clause.[7] Essentially, the Naims are arguing that new facts have come to light since the trial court made its ruling that would have an effect on the merits of that ruling.

This is analogous to the situation in *Henderson*. Accordingly, following the Texas Supreme Court's ruling in that case, we conditionally grant the petition for writ of mandamus, and we direct the trial court to vacate its January 12, 2011 order and enforce the parties' forum-selection clause, provided that there are no changed circumstances that would, in the words of *Henderson*, "cast [the motion to enforce the forum-selection clause] . . . in a different light." *See id.* at 255. Nothing in this opinion shall be construed to preclude the trial court from considering amended pleadings or

---

[7] Emex argues that "[a]lthough the Naims argue that they dropped 'all the claims relating to "construction" and "compliance,"' a court need not accept that characterization. A 'complaint's factual allegations rather than the legal causes of action asserted' determine whether the complaint falls within an agreement to submit disputes to a designated forum." *See, e.g., In re Int'l Profit Assocs.*, 274 S.W.3d 672, 677 (Tex. 2009) (orig. proceeding) ("[W]hether claims seek a direct benefit from a contract turns on the substance of the claim, not artful pleading."). That is true; however, the question of whether the amended pleadings invoke the forum selection clause "should be addressed in the first instance by the district court." *Henderson v. Floyd*, 891 S.W.2d 252, 255 (Tex. 1995) (orig. proceeding).

21

evidence of such changed circumstances, if any, in determining whether to enforce the

parties' forum-selection clause.[8]  The writ will issue only if the trial court fails to comply.


_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
18th day of April, 2013.

Concurring Memorandum Opinion on Reconsideration
by Justice Gregory T. Perkes.

---

[8] For instance, the Naims assert in their motion for reconsideration that the Mexican appellate court held that:

> arguments relating to actions taken within [Garden Group], including the Pledge Agreement and breaches of fiduciary duty claims relating to actions taken by Emex at certain partnership meetings in Texas, are governed by the law [of] the State of Texas and will not be determined by the Mexican courts.

The trial court may consider evidence supporting this assertion in determining (1) whether the Naims' amended claims fall under the scope of the forum-selection clause, and if so, (2) whether any defenses to enforcement of the forum-selection clause are available.  *See id.*; *cf. In re Lyon Fin. Servs.*, 257 S.W.3d 228, 234–35 (Tex. 2008) (finding that plaintiff's "inability to assert its [Texas] usury claim in Pennsylvania does not create a public policy reason to deny enforcement" of forum-selection clause requiring suit to be brought in Pennsylvania; but noting that plaintiff "has made no showing that even if Pennsylvania law is applied, Pennsylvania would not apply Texas law in determining the parties' rights" and stating that plaintiff therefore "did not provide evidence that enforcing the forum-selection clause would subvert Texas' public policy in regard to usury").

22